IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

Plaintiff, No. CIV S-04-0878 GEB DAD P

vs.

C/O KISSENGER, et al.,

Defendants. ORDER

_________________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action. By this order the court will address several requests and motions filed by plaintiff.

PRESERVATION OF DOCUMENTS

On March 27, 2006, the court received plaintiff's application for the preservation of documents and things by non-parties and his motion in support of the application. Plaintiff seeks an order directed to "herein named respondents" to preserve documents and things until such time as plaintiff may depose the respondents. Plaintiff identifies the non-parties as Stephen D. Bradbury, presiding judge of the Lassen County Superior Court; Robert M. Burns, a deputy district attorney for Lassen County; the California Commission on Judicial Performance; Bill Lockyer, state attorney general; Dave Thornton, director of the California Medical Board; and Jeanne Woodford, secretary of the California Department of Corrections. Plaintiff claims that

each "respondent" will be named as a defendant or called to testify in this litigation and may be ordered to preserve documents that plaintiff considers material and relevant to this case. Plaintiff claims that he attempted to obtain documents and things from each person cited and was denied access to the requested documents or things.

It is evident from plaintiff's filings that he presented the non-parties with requests for categories of documents that are extraordinarily broad. Plaintiff explains that he wants the non-parties to preserve "all documents sent to, received from any inmate at HDSP, and any investigative reports, normative opinions, or any other documents that concerns any prisoner at HDSP or CCI that falls under the jurisdiction of Lassen County." Plaintiff asked the Lassen County Superior Court, for example, to provide or preserve "all documents filed by all inmates in the Lassen County Superior Court," including letters, and the court's own written policies concerning the processing of pro se prisoner filings and any instructions to the district attorney's office concerning such filings.

This action concerns events that happened to plaintiff at High Desert State Prison in 2001. Plaintiff's claims concern excessive force, denial of medical care, retaliation, harassment, and due process violations during disciplinary proceedings. The nine defendants are HDSP correctional and medical staff involved in the events described. Plaintiff has not demonstrated that any of the non-parties should be directed to produce or preserve thousands of pages of documents not relevant to plaintiff's claims. Plaintiff's application and motion lack merit and will be denied.

SUPPLEMENTAL COMPLAINT

Plaintiff has filed a motion to file a supplemental complaint pursuant to Rule 15(d). Plaintiff asserts that under state law every citizen has a right to initiate an arrest. Plaintiff admits that there is no comparable right under federal law but asserts that citizens have an inherent right to inform federal authorities of violations of federal law. Plaintiff seeks leave to file a supplemental complaint alleging criminal violations and requesting issuance of arrest

warrants. The motion to file a supplemental complaint was accompanied by a document titled "Supplemental 'Probable Cause' Complaint & Request for Arrest Warrants."

Plaintiff asserts that the court has jurisdiction over his supplemental claims pursuant to 28 U.S.C. §§ 1331, 1343, and 636(b)(1). Plaintiff is advised that §§ 1331 and 1343 are expressly limited to federal civil actions, and § 636(b)(1), which governs the jurisdiction and powers of magistrate judges, does not provide a basis for district court jurisdiction over criminal allegations and "counts" alleged in a civil proceeding.

A party may move for leave "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff's proposed supplemental pleading does not set forth post-pleading transactions or occurrences or events but merely characterizes previously alleged transactions, occurrences, and events as criminal acts.

The court finds that plaintiff's proposed supplemental pleading does not allege claims cognizable in this action. The motion to file a supplemental pleading will be denied, and the supplemental pleading will be disregarded. Plaintiff's 96-page request for judicial notice and 100-page motion to designate a special prosecutor are predicated on the supplemental pleading and will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 27, 2006 application for preservation of documents and things by non-parties (#19) is denied;

2. Plaintiff's March 27, 2006 motion for preservation of documents (#20) is denied;

3. Plaintiff's April 13, 2006 motion to file supplemental complaint (#24) is denied;

4. Plaintiff's April 13, 2006 filing titled "Supplemental 'Probable Cause' Complaint & Request for Arrest Warrants" (#25) will be disregarded, and the Clerk of the Court

is directed to modify the docket entry for the supplemental complaint to reflect that it has been disregarded;

5. Plaintiff's April 24, 2006 request for judicial notice (#27) is denied; and

6. Plaintiff's April 24, 2006 motion to designate a special prosecutor (#28) is denied.

DATED: July 12, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
davi0878.msc