IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                    No. CIV S-04-0878 GEB DAD P

    vs.

C/O KISSENGER, et al.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action. Plaintiff has filed a document titled "Application for Temporary Restraining Order Against HDSP Mail Room and for Production of Documents." Pursuant to this court's order filed January 18, 2006, defendants are not required to respond to this motion except as directed by the court.

        In general, the purpose of issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The legal principles applicable to requests for injunctive relief are well established. To prevail on such a request, the party must demonstrate a likelihood of success on the merits and the possibility of irreparable injury or, in the alternative, show that he has raised serious questions and the balance of hardships tips sharply in his favor. <u>Coalition for Econ. Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). These two formulations of the

1

applicable legal standard represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, movant must demonstrate that there exists a significant threat of irreparable injury." 762 F.2d at 1376. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). If the movant fails to make the requisite showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See 762 F.2d at 1376.

In the present case, plaintiff alleges claims arising from events that occurred between August 21, 2001, and November 30, 2001, including multiple incidents of excessive force, denial of medical care, retaliation, harassment, and due process violations in related disciplinary proceedings. The nine defendants are correctional and medical staff involved in the events described. By his request for a temporary restraining order, plaintiff seeks an order "against HDSP Mail Room" for interfering with his mail. While plaintiff's allegations are not entirely clear, it appears from the attached documentation that he is complaining about outgoing mail that staff refused to mail for lack of a proper address and incoming mail that lacked the sender's return address.

As a general rule, the court cannot issue orders against individuals who are not parties to the suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (holding that it was error for the lower court to enforce an order against a nonparty without having determined, in a proceeding to which the nonparty was a party, that the nonparty acted in concert with the defendants and received actual notice of the order by personal service or otherwise). The operative complaint in this action does not include any claims concerning mail room policies or actions, and the defendants do not include mail room staff. Defendants will not be directed to brief plaintiff's request, and the undersigned will recommend that the request be denied.

Plaintiff has also filed a 160-page document titled "Notice of Motion and Motion for Appointment of Three Judge Panal [sic] Pursuant to 28 U.S.C. §§ 2281 and 2284(5)." In 1976, 28 U.S.C. § 2281 was repealed, and § 2284 was revised. Section 2284 no longer contains a subsection (5).

Section 2284(a) provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." A plaintiff who is not asserting an apportionment challenge "has no constitutional right to a three-judge panel except as provided by statute." Lyons v. Gordon, No. Civ. A. 05-00870 RMC, 2006 WL 241230, at *4 n.6 (D.D.C. Feb. 1, 2006). See O'Connor v. State of Nevada, 27 F.3d 357, 363 (9th Cir. 1994) (affirming district court's denial of motion to convene three-judge court because appellants were not making an apportionment challenge and the state statute requiring that candidates for state supreme court be attorneys did not have the purpose or effect of denying right to vote); Rouse v. Phillips, No. 01-CV-72688-DT, 2005 WL 2372660, at *1 (E.D. Mich. Sept. 27, 2005) (state prisoner appealing denial of habeas corpus petition was not entitled to a three-judge panel); Pettit v. New Mexico, 375 F. Supp. 2d 1138, 1140 (D.N.M. 2004) (parent suing state for alleging violations of various constitutional provisions and federal statutes in the context of child custody and support proceedings did not allege a claim under any statute that mandated a three-judge panel).

Plaintiff in the present case is not making an apportionment challenge and has not cited a federal statute that requires convention of a three-judge court to hear his § 1983 claims. Plaintiff's motion for appointment of a three-judge panel, request for judicial notice, and motion for special prosecutor should be denied.

/////

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 23, 2006 application for a temporary restraining order (#16) be denied; and

2. Plaintiff's April 24, 2006 motion for appointment of three-judge panel (#26) is denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen** days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections to these findings and recommendations should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
davi0878.tro