IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                  No. CIV S-04-0878 GEB DAD P

   vs.

C/O KISSENGER, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action. Plaintiff has filed a document titled "Notice of Motion & Motion for a Temporary Restraining Order (TRO) and Request for Judicial Notice to Compel Adequate Access to the Court Upon a Non-Party." The purpose of plaintiff's motion is to obtain additional time to file objections to the findings and recommendations filed in this case on January 12, 2007.

        Plaintiff has been advised that the purpose of issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. (See Findings and Recommendations filed July 13, 2006, adopted Aug. 14, 2006.) Plaintiff has been informed of the legal principles applicable to requests for injunctive relief, as well as the standards that govern such requests. See Coalition for Econ. Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997). See also Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985) ("Under any

1

1  formulation of the test, movant must demonstrate that there exists a significant threat of
2  irreparable injury." ).  Plaintiff has been advised that the court will not issue orders against
3  individuals who are not parties to the pending suit.  See Zenith Radio Corp. v. Hazeltine
4  Research, Inc., 395 U.S. 100, 112 (1969) (holding that it was error for the lower court to enforce
5  an order against a nonparty without having determined, in a proceeding to which the nonparty
6  was a party, that the nonparty acted in concert with the defendants and received actual notice of
7  the order by personal service or otherwise).

8               Plaintiff demands an order requiring two non-parties – the warden of High Desert
9  State Prison and the institution's legal assistant – to give him "adequate, effective and
10 meaningful access to the courts."  Plaintiff speculates that he "may need to attach exhibits that
11 can't be duplicated long-hand to his objections, and also needs to make copies of discovery
12 motions and request on the same premise."  Plaintiff suggests that the January 11, 2007 findings
13 and recommendations be stayed until there is proof of access to the law library.

14               Plaintiff's motion is not signed under penalty of perjury, is not accompanied by an
15 affidavit in support of irreparable injury, is grounded on a few conclusory legal points, and
16 includes no evidence that the motion was served on all persons who would be affected by the
17 order.  Plaintiff asks the court to take judicial notice of proceedings in two additional cases he is
18 litigating in this district.

19               It is evident that plaintiff has ample access to this court.  Plaintiff's motion will be
20 construed as a request for an extension of time to file his objections to the findings and
21 recommendations filed in this case on January 12, 2007.  The pro se plaintiff is informed that the
22 purpose of filing objections to a magistrate judge's findings and recommendations is to identify
23 the portions of the findings and recommendations that the party finds objectionable.  The district
24 judge will conduct a de novo review of all portions of the findings and recommendations to
25 which objections are made.  The filing of objections is not an opportunity to conduct additional
26 research and present new arguments not properly included in opposition to defendants' motion to

1  dismiss.  New evidentiary material should not be submitted with the party's objections, and the
2  district judge has no obligation to consider any evidence submitted in error.
3        The findings and recommendations will not be stayed, and the court will not grant
4  plaintiff a lengthy extension of time so that he can conduct side litigation on library access issues.
5  Plaintiff's objections can be hand written and hand copied for service on defendants' counsel.
6  Plaintiff will be granted an additional twelve days to prepare, serve, and file objections in which
7  he identifies the portions of the January 12, 2007 findings and recommendations to which he
8  objects.
9        Accordingly, IT IS HEREBY ORDERED that:
10     1. Plaintiff's January 29, 2007 motion for temporary restraining order (#53),
11 construed as a motion for an open-ended extension of time, is granted in part;
12     2. Plaintiff's January 29, 2007 request for judicial notice is denied;
13     3. Plaintiff is granted an extension of time to February 19, 2007, to place his
14 objections in the mail to the court and defendants' counsel; no further extension of time will be
15 granted for this purpose; and
16     4. Any reply by defendants shall be filed and served in accordance with Local
17 Rule 78-230(m).
18 DATED: February 2, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
davi0878.36obj