IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                       No. CIV S-04-0878 GEB DAD P

    vs.

C/O KISSENGER, et al.,              ORDER

    Defendants.

                                /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief under 42 U.S.C. § 1983. On January 12, 2007, the undersigned issued findings and recommendations recommending that defendants' April 28, 2006 motion to dismiss be granted in part. While the findings and recommendations were pending before the assigned district judge, plaintiff served numerous discovery requests on defendants. Defendants moved for a protective order, and this court granted their motion in part, requiring defendants to respond to all relevant discovery requests after this court issued a discovery order. Plaintiff has filed objections to this court's protective order and requests that the court rescind it. Plaintiff has also filed a motion for Rule 11 sanctions against defendants' counsel for filing the motion for a protective order. Defendants have filed a response in opposition.

/////

This court has broad discretion to issue a protective order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Plaintiff had served fifteen discovery requests on defendants while findings and recommendations related to defendants' motion to dismiss were pending before the district judge. The defendants had not yet filed an answer, and this court had not yet issued a discovery order. For good cause shown, this court issued a limited protective order that required defendants to respond to the relevant discovery requests within 45 days after the court issued a discovery order. The protective order was narrowly tailored to ensure plaintiff was not prejudiced and to protect defendants from having to respond to premature or irrelevant requests. The district judge has since adopted this court's January 12, 2007 findings and recommendations. The defendants have now filed an answer. This court has also issued a discovery order. Defendants are required to respond to plaintiff's relevant discovery requests under the terms of the protective order. Accordingly, plaintiff's request that the court rescind the protective order will be denied as moot.

Plaintiff's motion for Rule 11 sanctions will also be denied. First, plaintiff's motion is in error because Rule 11 does not apply to defendant's motion for a protective order or other discovery motions subject to Rules 26 through 37. Fed. R. Civ. P. 11(d). Second, plaintiff has failed to comply with the safe-harbor provisions of Rule 11. Rule 11 requires the moving party to allow the non-moving party an opportunity to withdraw the challenged motion. Fed. R. Civ. P. 11(c)(1)(A). In this case, plaintiff filed the Rule 11 motion without providing defendants with an opportunity to withdraw their motion. Finally, defendants' motion for a protective order was not frivolous or presented for an improper purpose. In addition, the defendants have not engaged in dilatory or abusive pretrial tactics designed to delay this case, harass plaintiff, or perpetrate a willful abuse of the judicial process. Accordingly, plaintiff's motion for Rule 11 sanctions will be denied.

/////

1   Good cause appearing, IT IS HEREBY ORDERED that:

2   1. Plaintiff's request to rescind the court's February 28, 2007 protective order is

3   denied as moot; and

4   2. Plaintiff's March 5, 2007 motion for Rule 11 sanctions is denied.

5   DATED: March 26, 2007.

```
                                    /s/ Dale A. Drozd
                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
```

DAD:9
davi0878.rule11

3