IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                       No. CIV S-04-0878 GEB DAD P

    vs.

C/O KISSINGER, et al.,               ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Plaintiff has filed several discovery motions, including two motions for discovery from a nonparty with requests for production of documents and two motions for leave to take written depositions of nonparty witnesses. Plaintiff has also filed a motion seeking an order compelling defendants' counsel to take a settlement offer to his clients.[1]

        First, in plaintiff's February 20, 2007 "motion for discovery upon a nonparty with supporting request for the production of documents and things," plaintiff requests, among other things, "complaints" to show "habit, routine, custom, and practice of defendants ;" "115 Rules

---

[1] Defendants have not filed a response to any of plaintiff's discovery motions. Defendants are advised that this court's March 22, 2007 discovery order requires proper briefing of discovery motions under Local Rule 78-230(m).

1

Violations Reports (RVRs) authored by each defendant ;" "criminal records ;" "settlement agreements or court judgments; ""personnel files of each of the defendants ;" and "reports that are normative opinions, findings of fact, or evaluative reports that may show a habit, practice and routine." Plaintiff has not named the nonparty from whom he seeks this discovery. Moreover, plaintiff has not demonstrated that the discovery he seeks is relevant to his claims or unobtainable from parties to this action. Plaintiff's request is also overbroad and does not appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, plaintiff's motion will be denied.

Similarly, in plaintiff's August 2, 2007, "motion for discovery upon a nonparty with attached request for the production of documents & things," plaintiff seeks discovery from Banner Lassen Medical Center. Therein, plaintiff alleges that defendant Kissinger has claimed that he sustained injuries to his right wrist as a result of plaintiff's actions and was taken to and treated at Lassen Medical Center. Plaintiff alleges that defendant Kissinger has placed his medical condition in controversy and therefore has waived any privilege with respect to the treatment of his injuries. Plaintiff argues that he is entitled to "access all medical documents from Banner Lassen Medical Center" and requests the court to issue one USM-285 Marshal's form and one subpoena for production of documents. Again, plaintiff has failed to demonstrate that the discovery he seeks is relevant to his claims or unobtainable from the parties in this action. Plaintiff's request is also overbroad and does not appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, plaintiff's motion will be denied.

Plaintiff has also filed two motions to take written depositions of nonparties. First, in his July 5, 2007 motion, plaintiff requests a court order to allow him to take written depositions from D.L. Runnels and Lieutenant Norlin. Plaintiff claims that complaints he filed against the defendants were subject to a de facto policy pursuant to which supervisors used any means necessary to cover up unconstitutional conduct. With respect to Runnels, plaintiff seeks "complaints" from him to demonstrate that complaints filed by prison staff about other staff

members or about inmates were treated differently than complaints filed by inmates about prison staff. Plaintiff contends that the documents produced by Runnels will show that he was aware that complaints by prisoners were not properly addressed. Likewise, plaintiff contends that Norlin's testimony needs to be perpetuated because he acted according to a de facto policy whereby inmates, especially African Americans, were denied their requested friendly inmate witnesses.

On March 13, 2007, the assigned district judge adopted this court's findings and recommendations, recommending that claims five and eleven against defendant Norlin and claims six and ten against defendant Runnels be dismissed due to plaintiff's failure to exhaust administrative remedies before bringing this action. (Findings & Recommendations filed Jan. 12, 2007 at 19-22 & 24-25.) As a result, defendants Norlin and Runnels were dismissed from this action because there were no remaining claims against them. Plaintiff has not demonstrated that the discovery he seeks from them is relevant to his remaining claims or unobtainable from parties to this action. Moreover, plaintiff's request is overbroad and does not appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is advised that this court will grant him leave to take written depositions only upon a substantial showing that the depositions will lead to relevant probative evidence with respect to plaintiff's constitutional claims. On the present showing, the court does not find that the proposed written depositions would lead to the discovery of probative evidence. Accordingly, plaintiff's motion will be denied.

Similarly, plaintiff seeks a written deposition from Dr. Rohlfing. Dr. Rohlfing, plaintiff's treating physician, diagnosed him as suffering from chronic wrist tendinitis and determined that plaintiff's condition was serious and required treatment. In addition, after two CDCR employees allegedly tried to break plaintiff's wrist through a tray slot, Dr. Rohlfing diagnosed plaintiff with a sprained left wrist and aggravation of his tendinitis. Plaintiff contends that Dr. Rohlfing's written deposition is necessary to determine the extent of damages. Again, plaintiff has not made a substantial showing that the requested written deposition will lead to

relevant probative evidence of plaintiff's constitutional claims. Accordingly, plaintiff's motion will be denied.

Finally, plaintiff argues that he mailed a proposed settlement and stipulated agreement to defendants' former counsel, William V. Cashdollar, and requested that he present the offer to his clients. Five months passed without any response. Plaintiff sent Mr. Cashdollar a reminder of this offer on April 8, 2007. On May 3, 2007, plaintiff informed defendants' new counsel of the offer.[2] Plaintiff contends that, despite giving defendants' counsel reasonable time to respond, he has received no response to his offer of settlement. Plaintiff requests that the court order counsel of record to communicate plaintiff's settlement offer and provide a written response from each of his clients. Plaintiff also requests that the court grant further relief the court deems just, fair and necessary.

The court must not engage in efforts to coerce settlement of an action. Kothe v. Smith 771 F.2d 667, 669 (2d Cir. 1985). "Courts do not have authority to compel parties to settle their cases." In re Joint Eastern & Southern Dist. Asbestos Litigation, 14 F.3d 726, 731 (2d Cir. 19993). It is true, of course, that defendants' counsel has an obligation to promptly communicate to his clients "[a]ll amounts, terms, and conditions of any written offer of settlement made to the client. . . " Cal. Rules Prof'l Conduct 3-510. However, plaintiff has made no showing that defendants' counsel failed to present plaintiff's offer to his clients. Plaintiff's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 20, 2007 motion for discovery upon a nonparty with supporting request for the production of documents and things is denied;

2. Plaintiff's July 5, 2007 motion to take a written deposition upon a nonparty is denied;

---

[2] Plaintiff informs the court that his proposed settlement offer requested a single payment of $25,000.

4

1           3.  Plaintiff's July 11, 2007 motion to take a written deposition upon a nonparty
and request for the production of documents and things is denied;

            4.  Plaintiff's August 2, 2007 motion for discovery upon a nonparty with attached
request for the production of documents and things is denied; and

            5.  Plaintiff's May 8, 2007 motion to compel defendants' counsel to take a
settlement offer to his clients is denied.

DATED: August 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.wdep