IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

     Plaintiff,                    2:04-cv-0878-GEB-DAD-P

    vs.

C/O KISSINGER, et al.,               ORDER

     Defendants.

_____/

        On March 13, 2007, this court adopted the magistrate judge's January 12, 2007 findings and recommendations in full. As a result, defendants' April 28, 2006 motion to dismiss pursuant to non-enumerated Rule 12(b) was granted as to claims five, six, ten, and eleven.

        On May 29, 2007, plaintiff filed a document titled "Notice of Motion & Motion to Reinstate In Part Claim Ten." Plaintiff contends that Rule 60(b)(1) of the Federal Rules of Civil Procedure allows the court to modify its order upon a showing of good cause. Plaintiff argues that the court should modify its March 13, 2007 order because the court's dismissal of claim ten had the "impractical effect of dismissing unintended defendants." Specifically, plaintiff contends that "F.R.C.P. 60(b)(1) allows for modification of the dismissal of claim 10 because the dismissal of unintended defendants Qualls, Money, and Ingwerson, snuffed out plaintiff's state causes of actions against these defendants." Plaintiff argues that the court's dismissal of claim

1

10 was "inadvertent" and constitutes "excusable neglect." Plaintiff concludes that the court should reinstate claim 10 in part and allow plaintiff to proceed against defendants Qualls, Money, and Ingwerson on each state cause of action.

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Plaintiff's motion fails to demonstrate that he is entitled to relief under Rule 60(b)(1). The state law claim contained in claim ten was predicated on the same facts alleged in claims five and six. Plaintiff failed to exhaust claims five and six and, consequently, the court found that plaintiff failed to exhaust his administrative remedies with respect to claim ten. The court's order dismissing claim ten was not inadvertent or a result of excusable neglect. Accordingly, the court will deny plaintiff's Rule 60(b)(1) motion.

IT IS HEREBY ORDERED that plaintiff's May 29, 2007 Rule 60(b)(1) motion is denied.

Dated: August 30, 2007

GARLAND E. BURRELL, JR.
United States District Judge

2