IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

     Plaintiff,                          No. CIV S-04-0878 GEB DAD P

    vs.

C/O KISSINGER, et al.,                ORDER

     Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Plaintiff has filed several motions to compel, motions for sanctions, and miscellaneous discovery motions. Defendants have filed timely oppositions to plaintiff's motions as well as a motion to strike.

        First, plaintiff has filed a "motion to compel discovery upon a nonparty with an accompanying motion for sanctions." Therein, plaintiff seeks to compel nonparty T. Felker to respond to his request for production of documents and things. However, on August 13, 2007, this court denied plaintiff's motion for leave to conduct discovery on a non-party. Specifically, the court found that plaintiff had not demonstrated that the discovery he sought was relevant to his claims or unobtainable from the parties in this action. In addition, the court found that

/////

1

plaintiff's request was overbroad and did not appear reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff is advised that under Rule 37 of the Federal Rules of Civil Procedure, a motion to compel may be brought "[i]f a party fails to make a disclosure required by Rule 26(a)" or replies to a discovery request with an "evasive or incomplete disclosure, answer, or response." See Fed. R. Civ. P. 37(a). Here, plaintiff's motion to compel nonparty T. Felker to respond to his request for production of documents lacks merit. This non-party is under no current obligation to respond to plaintiff's request for production of documents and things. See Fed. R. Civ. P. 37(a). See also Fed. R. Civ. P. 34(a)(c) (nonparties may be compelled to produce documents by subpoena). Accordingly, the court will deny plaintiff's motion to compel as well as the accompanying motion for sanctions.

Second, plaintiff has filed a motion for sanctions based upon defense counsel's alleged failure to promptly communicate the acceptance or rejection of plaintiff's settlement offer. On August 13, 2007, this court denied a similar motion brought by plaintiff. As previously explained, the court must not engage in efforts to coerce settlement of an action. Kothe v. Smith 771 F.2d 667, 669 (2d Cir. 1985); In re Joint Eastern & Southern Dist. Asbestos Litigation, 14 F.3d 726, 731 (2d Cir. 1993) ("Courts do not have authority to compel parties to settle their cases.") It is true that defense counsel has an obligation to promptly communicate to his clients "[a]ll amounts, terms, and conditions of any written offer of settlement made to the client [.] " Cal. Rules Prof'l Conduct 3-510. However, plaintiff has made no showing that defense counsel failed to present plaintiff's settlement offer to his clients and defendants make clear in their opposition that their counsel communicated plaintiff's offer to them, and that they summarily rejected it. Accordingly, the court will deny plaintiff's motion for sanctions.

Third, plaintiff has filed two motions seeking to take written depositions of nonparties. In the first motion, plaintiff requests leave to take confidential written depositions of thirteen inmates. In addition, plaintiff requests "an all inclusive order directing the secretary of

the CDCR to allow the confidential communication with prisoners in this cause of action, and with any prisoners that have been released on parole in this action since each prisoner was either in ear and eye shot of the alleged allegations of the complaint, or were subject to racial and class based animus by the defendants." Plaintiff contends that he wants to submit to the court declarations by prisoners who witnessed or were subject to defendant Kissinger's racial animus. In his second such motion, plaintiff requests leave to take the written deposition of California State Senator Gloria Romero. Plaintiff wants to ask Senator Romero, among other things, whether she has received "death threats from any CDCR prison personnel" due to her prison reform efforts, whether she has "requested that any HDSP personnel be fired," and whether she has received "any personal letters from prison inmates . . . that made allegations of racial animus by HDSP personnel [.]." Plaintiff also contends that Senator Romero has in her control documents and things relevant to this litigation.

Again, plaintiff has not demonstrated that the discovery he seeks from these nonparties is relevant to his remaining claims or that the discovery sought is not obtainable from parties to this action. Moreover, plaintiff's requests are overbroad and do not appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is advised that this court will grant him leave to take written depositions only upon a substantial showing that the depositions will likely result in the discovery of relevant probative evidence with respect to his constitutional claims. Based on plaintiff's present showing, the court does not find that the proposed written depositions would likely lead to the discovery of probative evidence. Accordingly, plaintiff's motions will be denied. In addition, plaintiff's accompanying motion to compel Senator Romero to respond to his discovery requests will be denied.

Fourth, plaintiff has filed a second "motion to modify partly the court's 1/11/07 findings and recommendations to restore defendants that were dismissed by the court inadvertently." Plaintiff, erroneously believing that the court has not ruled on his May 24, 2007 motion, has re-submitted that motion, arguing that the court's dismissal of claim ten of his

3

complaint had the "impractical effect of dismissing unintended defendants." Plaintiff is advised that on August 30, 2007, the assigned district judge in this case denied plaintiff's motion to modify the order dismissing claim ten due to failure to exhaust.  The court found that plaintiff's motion failed to demonstrate that he was entitled to relief under Rule 60(b)(1) and emphasized that the court's order dismissing claim ten of the complaint was neither inadvertent nor a result of neglect.  Accordingly, plaintiff's motion will be denied.

Finally, plaintiff has filed a "motion for sanctions for failure to admit & abuse of the discovery processes upon counsel and the defendants." Plaintiff contends that defense counsel has advised defendant Baker "to evade his affirmative duty in responding forthright to plaintiff's discovery demands." Defendants have responded with a motion to strike plaintiff's motion for sanctions as premature.

Plaintiff may bring a motion for sanctions only after the court has ordered defendants to produce the requested discovery.  See Fed. R. Civ. P. 37(a)(4)(A).  Here, plaintiff's motion is evidently based on his assertion that defendant Baker's response to plaintiff's second request for admissions are insufficient.  Plaintiff has not filed a motion to compel further responses to his request for admissions.  Nor has the court granted such a motion to compel further responses.  Accordingly, plaintiff's motion for sanctions is, at the very least, premature and will be denied on that basis.  In addition, defendants' motion to strike in this regard will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 22, 2007 motion to compel discovery upon a nonparty is denied;

2. Plaintiff's August 22, 2007 motion for sanctions is denied;

3. Plaintiff's August 27, 2007 motion for sanctions is denied;

4. Plaintiff's August 27, 2007 motion for leave to take confidential written depositions of thirteen nonparty inmates is denied;

5. Plaintiff's September 4, 2007 application for leave to take a written deposition of a nonparty, State Senator Gloria Romero, is denied;

6. Plaintiff's September 4, 2007 motion to compel is denied;

7. Plaintiff's September 4, 2007 motion to modify the court's findings and recommendations is denied;

8. Plaintiff's November 15, 2007 motion for sanctions is denied; and

9. Defendants' November 26, 2007 motion to strike plaintiff's November 15, 2007 motion for sanctions is granted.

DATED: February 29, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.dsc