1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES T. DAVIS,

11              Plaintiff,                    No. CIV S-04-0878 GEB DAD P

12        vs.

13   C/O KISSINGER, et al.,                   ORDER

14              Defendants.

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil

17   rights action.  Pending before the court are several of plaintiff's discovery motions.  Defendants

18   have also filed a motion to compel and a request for an extension of time to file a cross-motion

19   for summary judgment.

20              First, plaintiff has filed a "Notice of Motion & Motion to Compel the Production

21   of Documents Upon a Non-Party. . . ."  Therein, plaintiff seeks to compel nonparty T. Felker to

22   respond to his request for production of documents.  On two previous occasions, the court denied

23   similar requests from plaintiff.  The court has reviewed this request and, once again, plaintiff has

24   not demonstrated that the discovery he seeks is relevant to his claims or was unobtainable from

25   the parties in this action.  In addition, plaintiff's request is overly broad and does not appear

26   reasonably calculated to lead to the discovery of admissible evidence.

                                               1

1    Second, plaintiff has filed a "Notice of Motion and Motion for Copy of

2    Complaint. . . ." Therein, plaintiff alleges that prison officials have taken his legal documents

3    that relate to them.  Plaintiff requests the court waive costs and provide him with a copy of the

4    original complaint in this matter.  In the alternative, plaintiff requests that the court order the

5    Deputy Attorney General to provide him with a copy of his complaint.  In addition, plaintiff

6    requests that the court order the Deputy Attorney General to provide him with copies of his

7    discovery requests that defendants have previously answered.

8    It appears that plaintiff's motion and subsequent similar requests are now moot.

9    Defendants provided plaintiff with courtesy copies of their responses to his prior discovery

10   requests as well as a copy of his original complaint.  (Defs. Opp'n to Pl.'s Mot. to Compel, Ex.

11   A, filed June 19, 2008).  In addition, plaintiff claimed that he needed copies of the documents to

12   file a motion for summary judgment.  On June 2, 2008, plaintiff filed a timely motion for

13   summary judgment.  In the event that plaintiff continues to claim that prison officials are still

14   withholding his legal documents and he still desires them, he should file an administrative

15   grievance at his institution.  See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any

16   departmental decision, action, condition, or policy which they can demonstrate as having an

17   adverse effect upon their welfare.").

18   Third, plaintiff has filed a "Notice of Motion & Motion for Enlargement of Time

19   to File Objections. . . . " to the undersigned's March 3, 2008 order, denying plaintiff's previous

20   discovery motions, and the undersigned's scheduling order issued on the same date.  Shortly after

21   filing the motion, plaintiff filed his objections and request for review by the assigned district

22   judge.  Plaintiff's motion for an enlargement of time will be granted nunc pro tunc, and his

23   objections and request for review by the assigned district judge will be deemed timely.

24   Fourth, plaintiff has filed a "Notice of Motion to Conduct Discovery Upon a Non-

25   Party. . . ." Therein, plaintiff seeks permission to request production of documents from N.

26   Grannis, Chief of the Inmate Appeals Branch.  Plaintiff alleges that "new facts have come to light

2

that would allow defendant Norlin and the related claims to be reinstated." In particular, plaintiff alleges that he recently received a summary of his appeals history showing that he had pursued Appeal 01-3902 through the director's level of review. With additional discovery from N. Grannis, plaintiff believes that he would be able to obtain his third level of appeal decision thereby demonstrating exhaustion of his claims against defendant Norlin. Plaintiff has also filed a "Notice of Motion & Motion for Leave to Conduct Discovery On Non-party Former Defendant Norlin." In this regard, plaintiff seeks the production of documents, admissions and answers to interrogatories.

The court dismissed Mr. Norlin from this action on March 13, 2007. Discovery in this case has been ongoing since March 22, 2007. Plaintiff has not provided any justification as to why it took him more than a year thereafter to bring these motions. Substantial time has passed, discovery is now closed, plaintiff's motion for summary judgment is pending before the court, and defendants' cross-motion for summary judgment is forthcoming. Plaintiff's motions and related discovery requests, if granted, would cause the defendants still before the court as well as Mr. Norlin to suffer undue prejudice. In this regard, the court does not find good cause to permit the requested discovery or to re-open litigation of claims against Mr. Norlin. Cf. Foman v. Davis, 371 U.S. 178, 182 (1962) (undue delay and prejudice to opposing parties should be considered in deciding whether to grant leave to amend).

Fifth, plaintiff has submitted to the court a "Notice of Motion & Motion for a Protective Order . . . ." Therein, plaintiff alleges that he received notice from defendants on April 24, 2008, that they intended to take his deposition on May 28, 2008. Plaintiff mistakenly claims that discovery closed in the case on May 3, 2008. Defendants have also filed a motion to compel plaintiff's deposition. Therein, defendants accurately argue that discovery did not close in this action under the court's scheduling order until May 30, 2008. Defendants request that the court issue an order directing plaintiff to participate in his deposition within sixty days and pay for the costs defendants incurred in preparing and traveling for plaintiff's deposition. Plaintiff

1    has filed an opposition to defendants' motion to compel and defendants have filed a reply.

2    Plaintiff has also filed a motion seeking sanctions for defense counsel's alleged conduct in

3    attempting to take plaintiff's deposition.

4            On March 22, 2007, this court issued a discovery order and on March 3, 2008, a

5    scheduling order.  Pursuant to those orders, defendants were allowed to depose plaintiff on or

6    before May 30, 2008, so long as defendants gave plaintiff at least fourteen days notice in

7    accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure.  By plaintiff's own

8    admission, defendants gave him sufficient notice of his deposition.  However, plaintiff refused to

9    attend the deposition when defense counsel arrived at the prison.  The undersigned has the

10   authority under Local Rule 73-302(c)(1) to order plaintiff to submit to a deposition.

11   Accordingly, the court will order plaintiff to cooperate with defense counsel in the taking of his

12   deposition.  Any further refusal on plaintiff's part to cooperate in the taking of his deposition will

13   result in a recommendation that this action be dismissed.

14           Although the court has broad discretion to impose sanctions pursuant to Rule 37,

15   the court finds that defendants' request for monetary sanctions is premature under the current

16   circumstances.  Plaintiff is an inmate proceeding pro se and in forma pauperis.  Although

17   plaintiff's inability to pay should not be the only reason for the court's denial of monetary

18   sanctions, it can be considered.  Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

19   Defendants' request for sanctions will therefore be denied at this.  Plaintiff's motion for

20   sanctions will also be denied.  It appears that the parties had a simple misunderstanding regarding

21   the scheduling order and plaintiff's obligation to attend his deposition.  Sanctions against defense

22   counsel are unwarranted.

23           Sixth, plaintiff has filed a "Notice of Motion & Motion to Compel Discovery

24   Upon Defendants."  Therein, plaintiff explains that he served defendants with several discovery

25   requests on March 18, 2008, April 1, 2008, and April 22, 2008.  He further explains that

26   defendants have not served responses to those requests.  Plaintiff has attached to his motion

4

1   copies of the discovery requests, including the proofs of service, and a copy of a letter dated May

2   13, 2008, that he sent to defense counsel in an attempt to confer with counsel regarding the

3   discovery requests.  Defendants have filed an opposition to plaintiff's motion.  Therein,

4   defendants argue that plaintiff's April 1, 2008, and April 22, 2008 discovery requests were

5   propounded in an untimely fashion because plaintiff failed to serve them at least sixty days

6   before the discovery cut-off date as required by the court's scheduling order.  In addition, defense

7   counsel explains that he did not discover plaintiff's March 18, 2008 request for production until

8   June 3, 2008, due to his own inadvertence and excusable neglect.  Counsel therefore requests an

9   additional thirty days to respond to plaintiff's March 18, 2008 discovery request.  Plaintiff has

10  filed a brief reply, arguing that "being lazy" does not constitute excusable neglect.

11          Pursuant to the court's scheduling order, the parties were required to serve

12  requests for written discovery no later than sixty days prior to May 30, 2008, the discovery

13  deadline.  Plaintiff failed to timely serve defendants with his April 1, 2008 and April 22, 2008

14  discovery requests or seek leave from the court to propound late discovery.  However, as

15  defendants acknowledge, plaintiff timely served defendants with his March 18, 2008 discovery

16  request.  Due to inadvertence and excusable neglect, defense counsel did not timely respond to

17  the request.  Accordingly, in light of the circumstances of this case, the court will grant defense

18  counsel thirty days to respond to plaintiff's discovery request served on March 18, 2008.

19          Finally, defendants have filed a request for an extension of time to file a cross-

20  motion for summary judgment.  Under the scheduling order, the parties were ordered to complete

21  discovery by May 30, 2008, and file any dispositive motions by July 25, 2008.  Defendants

22  anticipate filing a cross-motion for summary judgment, but as noted above, through no fault of

23  their own, they have been unable to take plaintiff's deposition.  Good cause appearing, the court

24  will modify the scheduling order to allow defendants to file a cross-motion for summary

25  judgment within ninety days of the date of this order.  In addition, the court will vacate

26  scheduling order dates related to pretrial statements, pretrial conference, and jury trial.  The court

1    will issue a revised scheduling order if necessary after the parties' dispositive motions have been

2    ruled upon.  The remainder of the scheduling order will remain in effect.

3              Accordingly, IT IS HEREBY ORDERED that:

4              1.  Plaintiff's February 26, 2008 motion to compel the production of documents

5    upon non-party Felker is denied;

6              2.  Plaintiff's March 10, 2008, April 21, 2008, and May 2, 2008 requests for

7    copies of his complaint and discovery are denied as moot;

8              3.  Plaintiff's March 10, 2008 request for enlargement of time is granted nunc pro

9    tunc.  Plaintiff's request for reconsideration by the assigned district judge is deemed timely;

10             4.  Plaintiff's May 21, 2008 and May 27, 2008 motions to conduct discovery on

11   non-parties Grannis and Norlin are denied;

12             5.  Plaintiff's May 19, 2008 motion for a protective order is denied;

13             6.  Plaintiff's May 29, 2008 motion to compel is granted in part.  Within thirty

14   days of the date of this order, defendants shall serve responses to plaintiff's discovery request

15   served on March 18, 2008;

16             7.  Defendants' May 30, 2008 motion to compel plaintiff's deposition is

17   disregarded;

18             8.  Defendants' May 30, 2008 amended motion to compel plaintiff's deposition is

19   granted.  Plaintiff shall participate in his deposition within sixty days of the date of this order.

20   Any refusal by plaintiff to cooperate in the taking of his deposition will result in a

21   recommendation for dismissal of this action;

22             9.  Defendants' May 30, 2008 request for monetary sanctions is denied;

23             10.  Plaintiff's June 2, 2008 motion for sanctions is denied;

24             11.  Defendants' June 10, 2008 request for an extension of time to file a cross-

25   motion for summary judgment is granted.  Defendants shall file a motion for summary judgment

26   within ninety days of the date of this order;

1      12.  Dates related to the filing of pretrial statements, pretrial conference, and jury

2  trial set in the scheduling order filed March 3, 2008, are vacated.  The court will issue a revised

3  scheduling order if necessary after the parties' cross-motions for summary judgment have been

4  ruled upon; and

5      13.  Except as stated in this order, the remainder of the court's March 3, 2008

6  scheduling order will remain in effect.

7  DATED: July 2, 2008.

8

9      _____

10      DALE A. DROZD
        UNITED STATES MAGISTRATE JUDGE

11  DAD:9
    davi0878.mtc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7