IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                              No. CIV S-04-0878 GEB DAD P

    vs.

C/O KISSINGER, et al.,                     <u>ORDER</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Pending before the court are several discovery related motions filed by plaintiff as well as a request for an extension of time to oppose defendants' cross-motion for summary judgment. Also pending before the court is defendants' motion for a protective order.

        PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO CONDUCT DISCOVERY

        First, plaintiff has filed a Rule 56(f) motion. Therein, plaintiff claims that the court should allow him to re-serve his April 1, 2008 and April 22, 2008 discovery requests on defendants. The court had previously found that plaintiff failed to timely serve defendants with his April 1, 2008 and April 22, 2008 requests, and therefore refused to compel defendants to serve responses to those requests. (Order filed July 2, 2008.) Plaintiff now asserts "excusable neglect" for his failure to timely propound his discovery requests and claims in conclusory

1

fashion that defendants' responses to his discovery requests are necessary to allow him to prove elements of his claims.

      Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>     (1) deny the motion;
>
>     (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
>     (3) issue any other just order.

Fed. R. Civ. P. 56(f) (eff. Dec. 1, 2007). A party seeking denial or continuance of a summary judgment motion is required to file a motion requesting discovery under Rule 56(f). Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986). The party must demonstrate that there are specific facts he hopes to discover that will raise an issue of material fact. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir. 1991); Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). See also Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts [he] hopes to discover to raise an issue of material fact"). "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

      Plaintiff filed his Rule 56(f) motion nearly three months before defendants filed a motion for summary judgment. Because it was not filed in opposition to a then-pending motion for summary judgment, it is not a proper motion brought pursuant to Rule 56(f). Accordingly,

the court has construed plaintiff's motion as a motion to re-open discovery. Under the court's scheduling order, discovery closed in this case on May 30, 2008. In the absence of good cause, the court will not modify the scheduling order. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). As noted above, plaintiff claims "excusable neglect" with respect to his failure to timely propound his April 1, 2008 and April 22, 2008 discovery requests. Discovery was open for more than a year in this action. In that time, plaintiff served numerous discovery requests and motions to compel on defendants. Plaintiff's conduct during the course of discovery demonstrated that he was well aware of the rules governing the discovery process as well as the deadlines established in this case by the court. Accordingly, the court does not find good cause to modify the scheduling order and will deny plaintiff's motion to re-open discovery.[1]

---

[1] Even if plaintiff properly brought his motion under Rule 56(f), it would fail. Plaintiff submitted copies of his April 1, 2008 and April 22, 2008 discovery requests with a previous motion to compel. The undersigned has reviewed defendants' motion for summary judgment, along with plaintiff's April 1, 2008 and April 22, 2008 discovery requests. In plaintiff's conclusory motion, he has not identified the specific facts he expects to discover by obtaining responses to his discovery requests. Nor has he demonstrated by affidavit that he cannot present facts essential to justify his opposition to defendants' motion. In addition, it is not clear how defendants' responses to plaintiff's discovery requests would assist plaintiff in opposing defendants' pending motion for summary judgment. In particular, many of plaintiff's discovery requests are overbroad and do not appear reasonably calculated to lead to the discovery of admissible evidence. For example, in plaintiff's April 1, 2008 discovery request for production from defendant Ingwerson, he broadly asserts in Request No. 1: "You shall produce in statistical format only all Rules Violation Reports authored by defendant Kissinger during his entire course of employment at High Desert State Prison (HDSP) to conform to the following format: African Americans, Caucasian, Hispanic, Native American, and Asian American, and other." Plaintiff seeks the same information as to defendants Ingwerson, Peery, Money, Baker, and Qualls. Similarly, in plaintiff's April 22, 2008 discovery request for production from defendant Ingwerson, he broadly asserts in Request No. 2 "You shall produce all documents from the CDCR's directorate that contain, mention, or discuss the 'Code of Silence' prohibition imposed upon individual prisons within the CDCR issued by acting director Richard Rimmer." Many of plaintiff's other requests are similarly overbroad and do not appear reasonably calculated to lead to the discovery of admissible evidence. There is no specific showing that permitting plaintiff to obtain responses to his discovery requests will enable him to obtain affidavits or other evidence proving the existence of genuine issues of material fact as to the matters raised in defendants' motion for summary judgment. Finally, as noted above, plaintiff has had more than sufficient time to conduct discovery to obtain evidence needed to support his claims and to oppose a motion for summary judgment.

PLAINTIFF'S MOTION TO COMPEL

Plaintiff has also filed a motion to compel based on defendant Ingwerson's responses to his request for production of documents and things.[2] Plaintiff claims that there is no good-faith basis for defense counsel's objections. Plaintiff argues that he seeks documents that are not subject to any privilege and, even if they were, the defendants waived any privilege by failing to provide a privilege log and by making blanket, boilerplate objections. In opposition, defense counsel argues that plaintiff has not shown actual or substantial prejudice stemming from defendant's responses to his request for production of documents. In addition, counsel argues that his objections to plaintiff's discovery requests are proper because the requests are overbroad and burdensome and seek documents that do not exist or are not relevant. Counsel also argues that plaintiff is improperly seeking privileged documents that if produced would violate the privacy rights of staff and inmates. Finally, counsel argues that the defendant has submitted all relevant documents over which she has custody and control relating to plaintiff's requests. Plaintiff has filed a reply arguing that defense counsel's arguments are made in bad-faith. He claims that he will not be able to prove the elements of his case without the requested discovery and that defendants have misrepresented facts to evade discovery.

Plaintiff seeks to compel the following discovery:

**Plaintiff's Request No. 2**

Plaintiff requests production in "a binder, for the years 2001-2005, the actual complaints filed by any inmate at HDSP alleging racial discrimination, or excessive force by C/O Kissinger and Sergeant Peery." Defendant objected on the grounds that the request does not seek relevant information and is unlikely to lead to the discovery of admissible evidence; is overbroad and burdensome; and is a request to create a document that does not exist. Additionally,

---

[2] In the court's July 2, 2008 order, the court granted defense counsel thirty days to respond to plaintiff's discovery request served on March 18, 2008. Accordingly, plaintiff's motion to compel regarding this discovery is properly before the court.

1  defendant objected because the request calls for the production of information protected by
2  privacy rights of staff and inmates.

3        Plaintiff may only request documents in the "responding party's possession,
4  custody or control." <u>See</u> Fed. R. Civ. P. 34(a)(1); <u>United States v. Int'l Union of Petroleum &</u>
5  <u>Indus. Workers</u>, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party is in control of a document when
6  he has the "legal right to obtain documents on demand").  Here, plaintiff is requesting from
7  defendant Ingwerson complaints filed against defendants Kissinger and Peery.  This court
8  cannot compel the defendant to produce documents that do not exist or are not in her possession
9  or control.  Plaintiff has made no showing that defendant Ingwerson has control over the sought-
10 after documents.  <u>See</u> <u>Int'l Union of Petroleum & Indus. Workers</u>, 870 F.2d at 1452 (a party
11 seeking production of documents bears the burden of showing the opposing party has control
12 over them).  Nor has plaintiff demonstrated how complaints filed against defendants Kissinger
13 and Peery from 2001-2005 for racial discrimination or excessive force are relevant to his claims
14 against defendant Ingwerson.  <u>See</u> also <u>Segura v. City of Reno</u>, 116 F.R.D. 42, 44 (D. Nev.
15 1987) ("This sort of past conduct evidence is not admissible in federal courts, with very narrow
16 exceptions. Fed. R. Evid. 404(b). It further appears that the documents are not likely to lead to
17 admissible evidence. The liability of the individual police officer arises out of this particular
18 incident. Evidence of other similar incidents could only show a propensity for excessive use of
19 force. This is the sort of conduct in conformity with character evidence which 404(b)
20 prohibits.")

21       Accordingly, no further response will be ordered.

22 **Plaintiff's Request No. 3**

23       Plaintiff requests production of the following

24       [I]n statistical format only, for the years 2001- 2005, in
      chronological order, a compilation of all inmate complaints filed
25       on C/O Kissinger and show if the complaint was found to be
      substantial, unsubstantiated, unfounded, or exonerated.  The data
26 /////

        shall also show if the complaint was filed by an African American, Caucasian, Hispanic, or other race.

Defendant objected to this request on the same grounds stated with respect to Request No. 2, above.

        The court finds that plaintiff's request is overbroad and burdensome and does not appear reasonably calculated to lead to the discovery of admissible evidence.  Also, as noted above, plaintiff may only request documents in the "responding party's possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  Again, plaintiff is seeking from defendant Ingwerson a compilation of inmate complaints filed against defendant Kissinger.  This court cannot compel the defendant to produce documents that do not exist or are not in her possession or control.  Plaintiff has not shown that defendant Ingwerson has control over the sought-after documents.  See Int'l Union of Petroleum & Indus. Workers, 870 F.2d at 1452.  Nor has plaintiff demonstrated how every complaint filed against defendant Kissinger from 2001-2005 is relevant to his claims against defendant Ingwerson.  Accordingly, no further response will be ordered.

**Plaintiff's Request No. 4**

        Plaintiff requests "the exact data in request number three on yourself [defendant Ingwerson]."  Defendant objected on the same grounds as set forth above with respect to Requests Nos. 2 and 3.

        The court finds that this discovery request by plaintiff is also overbroad and unduly burdensome and does not appear reasonably calculated to lead to the discovery of admissible evidence.  In addition, plaintiff has not demonstrated that the vast discovery he seeks is relevant to his claims.  Accordingly, no further response will be ordered.

**Plaintiff's Request No. 5**

        Plaintiff requests "the exact dat[a] in request number three on Sergeant (Sgt.) Peery."  Defendant objected on the same grounds as set forth above with respect to Requests Nos. 2 - 4.

1           Again, the court finds that plaintiff's request is overbroad and burdensome and
2 does not appear reasonably calculated to lead to the discovery of admissible evidence. As noted
3 above, plaintiff may only request production of documents in the responding party's possession,
4 custody or control. Here, plaintiff seeks from defendant Ingwerson a compilation of inmate
5 complaints filed against defendant Peery. This court cannot compel the defendant to produce
6 documents that do not exist or are not in her possession or control. Plaintiff has not shown that
7 defendant Ingwerson has control over the sought-after documents. See Int'l Union of Petroleum
8 & Indus. Workers, 870 F.2d at 1452. Nor has plaintiff has demonstrated how every complaint
9 filed against defendant Peery from 2001-2005 is relevant to his claims against defendant
10 Ingwerson from whom he seeks further production.
11           Accordingly, no further response will be ordered.

**Plaintiff's Request No. 6**

           In this request plaintiff seeks production of

> a photo aray [sic] of each inmate that was assigned to work in the program office on the date, and time of the incident when plaintiff was placed in the cage in the program office since one of the inmates have first-hand-knowledge of racial slurs by Sgt. Peery and Money, towards plaintiff.

Defendant objected on the grounds that "photo array" is vague and ambiguous and that the request seeks production of a document that does not exist. Notwithstanding those objections, defendant Ingwerson responded that she does not recall who, if any inmate, was assigned to work in the program office on August 23, 2001. Defendant reserved the right to supplement this response if responsive documents are located and assured plaintiff that she was exercising all reasonable diligence to obtain and produce documents within her possession, custody, and control.

           The court finds that the defendant has adequately responded to plaintiff's request. Accordingly, no further response will be ordered.

/////

**Plaintiff's Request No. 7**

Plaintiff requests production of "any documents that contain, discuss, or mention, HDSP's, or the CDCR's policy if different than that of HDSP's policy, accommodating inmates with physical restraints, when the inmate has a disability that precludes normal application of physical restraints such as handcuffs." Defendant objected to the request on the grounds that the phrase "disability that precludes normal application of physical restraints" is vague and ambiguous. Notwithstanding this objection, defendant Ingwerson responded that HDSP's policies regarding restraining inmates with disabilities are located in Title 15, Section 3268.2 and the Department Operations Manual Section 52050.11. Those policies are attached to the defendant's opposition to plaintiff's motion to compel.

The court again finds that the defendant has adequately responded to plaintiff's discovery request. Accordingly, no further response will be ordered with respect to plaintiff's Request No. 7.

**Plaintiff's Request No. 8**

In his final request for production at issue plaintiff states: "If you do not have custody and control of request numbers 1-7, then you shall produce the specific name and title of the person(s) who has custody and control." Defendant objected to this request on the grounds that it was not a proper request for production. Notwithstanding that objection, defendant Ingwerson responded that she has produced all relevant documents that she has custody and control over relating to plaintiff's requests and that she was not aware of any other party who has custody and control of documents responsive to plaintiff's Request Nos. 2-5 because such documents do not exist.

With respect to this request for production the court again finds that the defendant has adequately responded. Accordingly, no further response will be ordered.

/////

/////

### PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

Plaintiff has requested an extension of time to file an opposition to defendants' cross-motion for summary judgment until after the court rules on plaintiff's Rule 56(f) motion and motion to compel. Good cause appearing, the court will grant plaintiff's request. Plaintiff will be granted thirty days from the date of this order to file an opposition to defendants' cross-motion for summary judgment. Defendants should file a reply, if any, in accordance with Local Rule 230(m).

### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Finally, before the court is defense counsel's motion for a protective order. In the motion, defense counsel requested an order instructing plaintiff to attend and answer questions at his deposition. On October 9, 2008, defense counsel lodged with the court a copy of plaintiff's deposition transcript. Defense counsel has also filed a cross-motion for summary judgment as well as an opposition to plaintiff's motion for summary judgment relying on plaintiff's deposition transcript. It therefore appears that defense counsel's motion has been rendered moot. Accordingly, the court will deny defense counsel's motion for a protective order.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Discovery is closed;

2. Plaintiff's Rule 56(f) motion, construed as a motion to re-open discovery, (Doc. No. 131) is denied;

3. Plaintiff's August 13, 2008 motion to compel (Doc. No. 134) is denied;

4. Plaintiff's November 4, 2008 request for an extension of time to file an opposition to defendants' cross-motion for summary judgment (Doc. No. 148) is granted. Plaintiff is granted thirty days from the date of this order in which to file an opposition to defendants' cross-motion. Any reply shall be filed in accordance with Local Rule 230(m); and

5.  Defense counsel's July 18, 2008 motion for a protective order (Doc. No. 132) is denied as moot.

DATED: January 7, 2009.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.mtc(2)