1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES T. DAVIS,

11                Plaintiff,                    No. CIV S-04-0878 GEB DAD P

12         vs.

13   C/O KISSINGER, et al.,

14                Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  This matter is currently on interlocutory appeal.

18   Specifically, defendants Kissinger, Peery, Qualls, Ingwerson, and Money have appealed the

19   court's order denying them qualified immunity from plaintiff's equal protection claims.  Pending

20   before the court is plaintiff's motion to compel.

21                        **PLAINTIFF'S MOTION TO COMPEL**

22          In his motion to compel, plaintiff seeks a court order requiring defense counsel to

23   produce Dr. Jeffrey W. Rohlfing's address so that plaintiff can prepare and submit to the United

24   States Marshal a subpoena for service upon Dr. Rohlfing.  According to plaintiff, Dr. Rohlfing, a

25   non-party to this action, was his treating physician at the time of the events alleged in this case.

26   Plaintiff seeks to compel Dr. Rohlfing's presence at trial and is under the impression that defense

1

counsel can obtain Dr. Rohlfing's address because the Office of the Attorney General represents

him in a separate action. See Case No. CIV 08-0039 FCD KJM P. (Pl.'s Mot. to Compel at 1-

3.)

In opposition to plaintiff's motion to compel, defense counsel argues that Dr.

Rohlfing is not a party to this action, and the defendants are under no obligation to discover or

produce any personal information concerning his whereabouts. Defense counsel also contends

that plaintiff's request implicates security concerns because plaintiff is seeking Dr. Rohlfing's

personal information. Finally, defense counsel notes that the Office of the Attorney General does

not represent Dr. Rohlfing in the case plaintiff has identified but rather that attorney Kathleen J.

Williams represents him because the Office of the Attorney General had a conflict of interest.

(Defs.' Opp'n to Pl.'s Mot. to Compel 1-2.)

In reply, plaintiff argues that he has been diligent in his effort to obtain Dr.

Rohlfing's address, and any security concerns can be remedied by directing defense counsel to

provide information regarding Dr. Rohlfing's whereabouts to the Clerk of the Court with

instructions not to release any details to plaintiff. (Pl.'s Reply. at 1-2.)

**DISCUSSION**

The court will deny plaintiff's motion to compel. See Plotkin v. Pacific Tel. &

Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982) (appeal from interlocutory order does not divest

district court of jurisdiction to proceed on other phases of the action). As an initial matter,

plaintiff's motion is untimely. Discovery closed in this case on May 30, 2008. In addition, if Dr.

Rohlfing refuses to voluntarily testify at trial, it is plaintiff's responsibility to prepare and submit

to the United States Marshal a subpoena for service upon Dr. Rohlfing. This court will not order

defense counsel to conduct an investigation on plaintiff's behalf to provide him with information

he desires for trial preparation.

/////

/////

2

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. No. 197) is denied.

DATED: February 24, 2010.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.address