IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                             No. CIV S-04-0878 GEB DAD P

    vs.

C/O KISSINGER, et al.,

    Defendants.                     <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This matter is currently on interlocutory appeal. Specifically, defendants Kissinger, Peery, Qualls, Ingwerson, and Money have appealed the court's order denying them qualified immunity from plaintiff's equal protection claims. Pending before the court is plaintiff's motion to compel.

## PLAINTIFF'S MOTION TO COMPEL

        In his motion to compel, plaintiff seeks a court order requiring defense counsel to produce Dr. Jeffrey W. Rohlfing's address so that plaintiff can prepare and submit to the United States Marshal a subpoena for service upon Dr. Rohlfing. According to plaintiff, Dr. Rohlfing, a non-party to this action, was his treating physician at the time of the events alleged in this case. Plaintiff seeks to compel Dr. Rohlfing's presence at trial and is under the impression that defense

1

counsel can obtain Dr. Rohlfing's address because the Office of the Attorney General represents him in a separate action. See Case No. CIV 08-0039 FCD KJM P. (Pl.'s Mot. to Compel at 1-3.)

In opposition to plaintiff's motion to compel, defense counsel argues that Dr. Rohlfing is not a party to this action, and the defendants are under no obligation to discover or produce any personal information concerning his whereabouts. Defense counsel also contends that plaintiff's request implicates security concerns because plaintiff is seeking Dr. Rohlfing's personal information. Finally, defense counsel notes that the Office of the Attorney General does not represent Dr. Rohlfing in the case plaintiff has identified but rather that attorney Kathleen J. Williams represents him because the Office of the Attorney General had a conflict of interest. (Defs.' Opp'n to Pl.'s Mot. to Compel 1-2.)

In reply, plaintiff argues that he has been diligent in his effort to obtain Dr. Rohlfing's address, and any security concerns can be remedied by directing defense counsel to provide information regarding Dr. Rohlfing's whereabouts to the Clerk of the Court with instructions not to release any details to plaintiff. (Pl.'s Reply. at 1-2.)

**DISCUSSION**

The court will deny plaintiff's motion to compel. See Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982) (appeal from interlocutory order does not divest district court of jurisdiction to proceed on other phases of the action). As an initial matter, plaintiff's motion is untimely. Discovery closed in this case on May 30, 2008. In addition, if Dr. Rohlfing refuses to voluntarily testify at trial, it is plaintiff's responsibility to prepare and submit to the United States Marshal a subpoena for service upon Dr. Rohlfing. This court will not order defense counsel to conduct an investigation on plaintiff's behalf to provide him with information he desires for trial preparation.

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. No. 197) is denied.

DATED: February 24, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.address