IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>            Plaintiff,<br><br>      vs.<br><br>C/O KISSINGER, et al.,<br><br>            Defendants.<br>_____/ | No. 2:04-cv-0878 GEB DAD P<br><br>ORDER SETTING SETTLEMENT CONFERENCE BEFORE THE HONORABLE GREGORY G. HOLLOWS<br><br>**Date:**      **September 25, 2012**<br>**Time:**      **9:00 a.m.**<br>**Location:**   **Courtroom #9** |

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  This case shall be referred to United States Magistrate Judge Gregory G. Hollows to conduct a settlement conference.

     A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1. This case is set for a settlement conference before Magistrate Judge Gregory G. Hollows on September 25, 2012, at 9:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, California 95814, in Courtroom #9.

/////

/////

      2. Defense counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend in person.[1]

      3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date;

      4. At least 21 days before the settlement conference, plaintiff shall submit to defendant by mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, no later than 14 days before the settlement conference, defendants shall respond, by **telephone or in person**, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.

      5. If settlement is not achieved, each party shall provide a confidential settlement conference statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, so they **arrive no later than September 17, 2012** and file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)); settlement statements **should not be filed** with the Clerk of the Court nor served on any other party. Settlement statements shall be clearly marked "CONFIDENTIAL" with the date and time of the

---

[1] The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

settlement conference indicated prominently thereon.  The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a    A brief statement of the facts of the case.

    b    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c    A summary of the proceedings to date.

    d    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e    The relief sought.

    f    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g    A brief statement of each party's expectations and goals for the settlement conference.

DATED: August 1, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.med