IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

      Plaintiff,　　　　　　　　　No. 2:04-cv-0878 GEB DAD P

   vs.

C/O KISSINGER, et al.,

      Defendants.　　　　　　　FURTHER SCHEDULING ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed September 30, 2009 (Doc. No. 193), the district court granted in part and denied in part defendants' motion for summary judgment. On January 11, 2012, the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed in part that decision. (Doc. No. 205.) Pursuant to court order, this matter proceeded to settlement conference on October 23, 2012 before the Honorable Gregory G. Hollows. The case did not settle. (See Minutes of Oct. 23, 2012 (Doc. No. 221).)[1] Accordingly,

---

[1] On October 3, 2012, plaintiff filed a motion for imposition of sanctions in which he alleged he had been denied access to his legal material to prepare for the settlement conference. (Doc. 219.) On October 30, 2012, plaintiff filed a motion for imposition of sanctions on the ground that defendants allegedly failed to comply with the court's order requiring that a person with full authority to settle the case attend the settlement conference. Defendants oppose the

1

the court will now, by this order, set a schedule for the remainder of this litigation.

In due course, the parties will be required to file pretrial statements in accordance with the schedule set forth below. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

> 1. The prospective witness is willing to attend;
>
> and
>
> 2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

---

motion and represent that they did have a person with full authority to settle the case in attendance. Plaintiff's first motion is now moot and his second is without merit. Both will therefore be denied.

1 written motion for a court order requiring that such witnesses be brought to court at the time of
2 trial.
3 The motion must:
4     1. State the name and address of each such witness;
5     and
6     2. Be accompanied by affidavits showing that each witness is willing to
7     testify and that each witness has actual knowledge of relevant facts.
8     The willingness of the prospective witness can be shown in one of two ways:
9     1. The party himself can swear by affidavit that the prospective witness
10     has informed the party that he or she is willing to testify voluntarily
11     without being subpoenaed.  The party must state in the affidavit when and
12     where the prospective witness informed the party of this willingness; or
13     2. The party can serve and file an affidavit sworn to by the prospective
14     witness, in which the witness states that he or she is willing to testify
15     without being subpoenaed.
16     The prospective witness' actual knowledge of relevant facts can be shown in one
17 of two ways:
18     1. The party himself can swear by affidavit that the prospective witness
19     has actual knowledge.  However, this can be done only if the party has
20     actual firsthand knowledge that the prospective witness was an eyewitness
21     or an ear-witness to the relevant facts.  For example, if an incident
22     occurred in the plaintiff's cell and, at the time, the plaintiff saw that a
23     cellmate was present and observed the incident, the plaintiff may swear to
24     the cellmate's ability to testify.
25     Or
26 /////

     2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

  The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

  II.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

  III.  <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

  It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

  IV.  <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS AS FOLLOWS:

1. Plaintiff's October 3, 2012 motion for sanctions (Doc. 219) is denied.

2. Plaintiff's October 30, 2012 motion for sanctions (Doc. 225) is denied.

3. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before April 5, 2013. Defendants shall file their pretrial statement on or before April 19, 2013. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

4. Pretrial conference (as described in Local Rule 282) is set in this case for April 26, 2013, before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

5. This matter is set for jury trial before the Honorable Garland E. Burrell on July 23, 2013 at 9:00 a.m. in Courtroom 10.

IT IS SO ORDERED.

DATED: December 19, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12:mp
davi04cv0878.41sjd