IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                     No. 2:04-cv-0878 TLN DAD P

    vs.

C/O KISSINGER, et al.,

    Defendants.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  In light of the complexity of plaintiff's case and the fact that the case is now proceeding to trial, the court finds that appointment of counsel on behalf of plaintiff is warranted at this time.  The court will therefore refer this matter to the court's ADR and Pro Bono Director Sujean Park to locate an attorney who is admitted to practice in this court and is willing to accept the appointment.

Plaintiff recently filed a pretrial statement as well as motions in limine and other pretrial motions.  Believing that plaintiff had failed to file his pretrial statement, defendants filed a request for dismissal or, alternatively, a request for an extension of time to file their pretrial statement.  In light of the court's determination that the appointment of counsel on plaintiff's behalf is now appropriate, the court will relieve defendants of having to file their pretrial statement in this action until further ordered of the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Doc. No. 233) is granted;

2. The Clerk of the Court is directed to contact Sujean Park, ADR and Pro Bono Director, for the purpose of locating an attorney who is admitted to practice in this court and is willing to accept the appointment for the purpose of pursuing this action on plaintiff's behalf through all remaining pretrial and trial proceedings; and

3. Defendants' request for dismissal or alternatively for an extension of time (Doc. No. 246) is denied.  However, defendants are relieved at this time of having to file a pretrial statement in this matter until further ordered to do so by the court.

DATED: April 17, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi0878.counsel

2