1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES T. DAVIS,

11            Plaintiff,                    No. 2:04-cv-0878 TLN DAD P

12        vs.

13   C/O KISSINGER, et al.,

14            Defendants.               ORDER

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  On September 30, 2009, the then-assigned district judge

18   adopted the undersigned's July 14, 2009 findings and recommendations and granted in part and

19   denied in part defendants' motion for summary judgment.  Shortly thereafter, defendants filed an

20   interlocutory appeal, arguing to the Ninth Circuit Court of Appeals that they were entitled to

21   qualified immunity on plaintiff's equal protection claim.  On January 11, 2012, the Ninth Circuit

22   affirmed the district court's denial of qualified immunity as to defendants Kissinger, Peery,

23   Qualls, and Money but reversed the denial of qualified immunity as to defendant Ingwerson.  The

24   Ninth Circuit remanded the case back to the district court for further proceedings.

25        On remand, the court ordered that the parties participate in a settlement

26   conference.  On September 14, 2012, the parties appeared before Magistrate Judge Gregory H.

1

Hollows for a settlement conference.  The case did not settle at that time.  Since then, the court has issued a scheduling order setting the dates for pretrial statements, pretrial conference, and trial.  The court has also found that appointment of counsel is warranted and has referred this matter to the court's ADR and Pro Bono Director Sujean Park to locate an attorney who is admitted to practice in the court and is willing to accept appointment.  Director Park has not yet located an attorney willing to undertake plaintiff's representation.  In addition, in light of the court's decision to appoint counsel as well as the reassignment of this case on April 3, 2013 to District Judge Troy L. Nunley, the court has relieved the parties of filing pretrial statements at this time, and the trial date in this case has been vacated.  (See Doc. Nos. 247 and 251.)

Both parties appear to remain interested in settling this matter.  In the interest of justice and judicial economy, the court will order the parties to participate in a second settlement conference.  Pursuant to Local Rule 270(b), the parties will be directed to inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge or if they wish to be referred to the court's mediation program for assignment to another judge of this court to preside over that settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within fourteen days of the date of this order, each party shall inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge or if they wish to wish to be referred to the court's mediation program.  If the parties wish to proceed before the undersigned magistrate judge, each party shall return to the court the consent form for settlement conferences provided with this order.  If the parties do not wish the undersigned magistrate judge to preside at the settlement conference, each party shall file a declaration stating he wishes to be referred to the court's mediation program; and

/////
/////

1           2.  The Clerk of the Court is directed to send each party the consent form for

2  settlement conferences.

3  DATED: June 25, 2013.

4

5                                     _____

6  DAD:9                                   DALE A. DROZD

     davi0878.sc(2)                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26