UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>         Plaintiff,<br><br>    v.<br><br>C/O KISSINGER; et al,<br><br>         Defendants. | No.  2:04-CV-0878-TLN-DAD<br><br>**AMENDED ORDER** |

This matter is before the Court pursuant to Defendants' Motion in Limine to Dismiss Plaintiff's Untimely State Law Claims.  (ECF No. 301.)  Defendants move to dismiss Plaintiff's claims under the Ralph Act, California Civil Code Section 51.7, and the Bane Act, California Civil Code 52.1, as well as under California Civil Code Sections 43 and 52.3.[1]  (ECF No. 301 at 1.)  These claims comprise Count VII of Plaintiff's allegations.  (Joint Statement of Issues Remaining for Trial, ECF No. 334.)  Plaintiff filed an opposition to Defendants' motion.  (ECF No. 316.)  The Court held a hearing on this matter on October 27, 2014, and heard the arguments of counsel.  Plaintiff further filed a supplemental briefing on this issue.  (ECF No. 342.)  For the reasons set forth below, Defendants' motion is GRANTED.

I.   **STATEMENT OF FACTS**

Plaintiff filed a claim related to the instant action pursuant to the California Government Tort Claims Act ("Tort Claims Act"), California Gov. Code § 945.6, and received a rejection of

---

[1] There is some dispute as to whether Plaintiff alleges a claim under California Civil Code Section 52.3.  Although Defendants move to dismiss this claim in the instant motion, a claim under Section 52.3 is not listed in Parties' Joint Statement of Issues Remaining in the Case.  (ECF No. 313.)  The parties could not resolve the issue in its October 27, 2014 hearing.  However, the issue is ultimately moot because Defendants' motion to dismiss is granted as to all Plaintiff's untimely filed claims.

1

this claim on November 30, 2001.[2]  Plaintiff initially filed an action on these and other claims under *Davis v. Kissinger* on October 4, 2001.  Complaint, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Oct. 4, 2001), ECF No. 1.  Plaintiff amended that complaint on January 22, 2002.  Amended Complaint, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Jan. 22, 2002), ECF No. 16.  Plaintiff's complaint was dismissed without prejudice on March 18, 2003.  Order, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Mar. 18, 2003), ECF No. 125.  Plaintiff then filed the instant action as a new complaint on May 3, 2004.  (ECF No. 1.)  On October 6, 2014, Defendants moved to dismiss Plaintiff's state law claims, arguing that Plaintiff failed to file within the six month statute of limitations required by Tort Claims Act and his claims must be dismissed.  (ECF No. 301.)

## II.     LEGAL STANDARD

The Tort Claims Act requires that any claim against a government entity for money damages must be filed with the applicable government agency before a lawsuit may be filed in court.  Cal. Gov. Code § 905.  Once a claimant receives notice that the claim has been rejected by the government entity, the Tort Claims Act requires that "any suit brought against a public entity on a cause of action" must be filed "not later than six months after the date such notice is personally delivered or deposited in the mail."  Cal. Gov. Code § 945.6(a)(1).  This statute of limitations must be satisfied or Plaintiff's claims must be dismissed.  *J.J. v. Cnty. of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014).

## III.    ANALYSIS

Defendants assert that these claims must be dismissed because Plaintiff failed to file his complaint within the six months provided under the Tort Claims Act.  (ECF No. 301 at 1–2.)  Defendants further argue that Plaintiff's untimely filing is not excused by his incarceration.  (ECF No. 301 at 3.)  Finally, Defendants assert that Plaintiff's timely filing of a previous lawsuit under *Davis v. Kissinger*, No. CIVS-01-1868-FCD-JAM (E.D. Cal.), which was dismissed without prejudice on March 18, 2003, does not comply with the filing requirement under the Tort Claims Act.  (ECF No. 301 at 3–4.)  Plaintiff responds that these state law claims are not subject to the

---

[2] Defendants provided these dates within their motion.  (ECF No. 301 at 1.)  Plaintiff does not contest these assertions and this Court finds no evidence to the contrary within the record.  (ECF No. 316.)  Therefore, the

requirements of the California Government Tort Claims Act. (ECF No. 316.)

### A.     Application of the California Government Claims Act to the Ralph and Bane Acts

Plaintiff maintains that his Ralph and Bane Act claims are allegations of civil rights violations and are therefore not subject to the requirements of the Tort Claims Act. (ECF No. 316 at 2.) Plaintiff provides no arguments with respect to his claims under California Civil Code Sections 43 or 52.3, and the Court finds no basis to exempt these claims from the Tort Claims Act. (ECF No. 316.) Therefore, the Court finds that the requirements of the Tort Claims Act apply to California Civil Code Sections 53 or 52.3 and the Court will only address whether the Ralph and Bane Act claims are exempt from the Act.

In support of his argument, Plaintiff cites to *Roe v. County of Lake*, 107 F. Supp. 2d 1146 (2000), *Javor v. Taggart*, 98 Cal. App. 4th 795 (2002), and *Devlyn v. Lassen Mun. Utility District*, 737 F. Supp. 2d 1116 (2010). Unfortunately, these cases do not support Plaintiff's assertion. The facts of *Roe v. County of Lake* are inapplicable to the case at hand. In *Roe*, the court found that the plaintiff, a pro se litigant, had properly exhausted his administrative remedies and filed a timely initial complaint, but failed to properly enumerate his Ralph Act claim. *Roe*, 107 F.Supp.2d at 1154. The plaintiff then filed an amended complaint, which did properly enumerate the Ralph Act claim and other state law theories, but the six month statute of limitations had passed by that point. *Id*. The court determined that because a timely initial complaint had been filed, the plaintiff's amended complaint was not time barred. *Id*. In the case at hand, Plaintiff's initial complaint included the state law claims, but was filed two and one-half years after his government claim was rejected. (ECF No. 301.) Therefore, Plaintiff cannot rely on a timely filing to correct his late submission. Similarly, the facts alleged in *Javor v. Taggart* are inapplicable in this case. The court in *Javor* found that the Tort Claims Act is not applicable to a plaintiff's federal claims under 42 U.S.C. § 1983. 98 Cal. App. 4th at 804–05. The decision in *Javor* specifically states, however, that "the [six-month] claim provision…is a condition precedent to the maintenance of an action under state law." *Id*. at 805.

Finally, Plaintiff cites to *Devlyn v. Lassen Mun. Utility District* in support of his assertion that Ralph and Bane Act claims do not fall within the Tort Claims Act. (ECF No. 328 at 2.) This

3

case is inapplicable because contrary to Plaintiff's assertion herein, that court found that the case law upon which the defendants relied was based on the Unruh Act, rather than the Ralph Act and the Bane Act. *Devlyn*, 737 F. Supp. 2d at 1123. Further, to the extent that the court found the Tort Claims Act does not apply to Ralph and Bane Act claims, this Court declines to follow that result. It bears mentioning that the claims in *Devlyn* related to an employment discrimination suit and the court specifically noted that "threats of violence" lawsuits against police officers were different actions with different requirements. *Id*.

This Court's review of the case law demonstrates that the majority of courts ruling on this issue favor applying the Tort Claims Act to Ralph and Bane Act claims. In *Arres v. City of Fresno*, the court held that Plaintiff's Ralph and Bane Act claims against the City of Fresno Police Department and several officers were untimely under the Tort Claims Act. *Arres,* CV F 10-1628 LJO SMS, 2011 WL 284971, at *20 (E.D. Cal. Jan. 26, 2011). "The [Tort Claims Act] claims procedures applicable to actions against public entities are the same for actions against public employees. Compliance with the claims statutes is mandatory. Failure to file a claim is fatal to the cause of action." *Id.* (internal citations omitted). *See also Lanier v. City of Fresno*, CV F 10-1120 LJO SKO, 2010 WL 5113799, at *13–14 (E.D. Cal. Dec. 9, 2010) (dismissing plaintiff's Ralph and Bane Act claims against two police officers for failure to meet the statute of limitations under the Tort Claims Act); *Renteria v. City of Maywood*, CV 09-4639 PSG, 2009 WL 3297152, at *6 (C.D. Cal. Oct. 9, 2009) (finding that plaintiff's Ralph Act claim was time-barred under the Tort Claims Act). In *Spears v. City & Cnty. of San Francisco*, the court dismissed an inmate's Ralph and Bane Act claims that correctional officers physically and sexually assaulted him, finding that he failed to file his claim within the statute of limitations. *Spears,* C 06-4968 VRW, 2008 WL 2812022, *11–12 (N.D. Cal. July 21, 2008). California state courts have found similarly on this issue. *Elias v. City of Los Angeles*, G039452, 2008 WL 2781186 (Cal. Ct. App. July 18, 2008) (dismissing plaintiff's Bane and Ralph Act claims against numerous public employees where plaintiff failed to file within the statute of limitation under the Tort Claims Act); *Olden v. Hatchell*, 154 Cal. App. 3d 1032 (Ct. App. 1984) (holding that a plaintiff must file a government claim under the Tort Claims Act even when no public entity is named); *Gatto v.*

4

*County of Sonoma*, 98 Cal. App. 4th 744 (2002) (holding that the Tort Claims Act applies to the Bane Act).  The Court finds overwhelming indication that the Tort Claims Act applies to these state law claims.

   B.  <u>Application of the Doctrines of Estoppel and Tolling</u>

   Finally, although Plaintiff did not assert these arguments in his opposition (ECF No. 328), the Court considered whether Plaintiff could employ the doctrine of estoppel to permit his state law claims to proceed.  Plaintiff initially filed these claims in a separate action commenced on October 4, 2001.  Complaint, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Oct. 4, 2001), ECF No. 1.  In that case, Plaintiff alleged the same state claims brought in this case, which were untimely at initial filing, became timely upon his amended filing on January 22, 2002.  Amended Complaint, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Jan. 22, 2002), ECF No. 16.  That complaint was dismissed on March 10, 2003.  Order, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Mar. 18, 2003), ECF No.125.  Despite the fact that Plaintiff may have submitted timely claims in his first action, the statute of limitations is not tolled or satisfied with respect to this case.  Plaintiff is not permitted to use the doctrine of equitable tolling to argue that his second complaint is timely.  *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998) (equitable tolling does not apply where plaintiff pursues successive claims in the same forum).

   Moreover, despite the fact that Defendants waited an inexplicable ten years to bring this motion, the Court cannot find a basis to find that Defendants have waived the statute of limitations.  "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." *J.J. v. Cnty. of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014).  Although there are courts who have excused a plaintiff's failure to comply with the statute of limitations, these cases have been limited to instances where a defendant's intentional act prevented timely filing.  *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1785 (1995) (denying plaintiff's request to waive the Tort Claims Act statute of limitations where plaintiff failed to demonstrate that the defendants did not cause the filing delay).  Such facts are not presented in this action.  Therefore, Plaintiff may not

benefit from estoppel or waiver to excuse his untimely filing.

### C. Relevance of Previous Exhaustion Claims

Plaintiff submitted a supplemental brief to this Court arguing that the issue of the state claims' compliance with the Tort Claims Act had already been addressed in this case. (ECF No. 342.) Specifically, Plaintiff referred this Court to two previous opinions in this case: 1) an order issued on March 13, 2007, identified as Electronic Court Filing ("ECF") number 65 and 2) and order issued on September 30, 2009, identified as ECF number 193. (ECF No. 342 at 2.) The Court has reviewed both documents and finds that neither supports Plaintiff's argument that the instant issue was previously adjudicated in this case. The order identified as ECF number 193 discusses the qualified immunity of certain defendants within the context of a summary judgment motion and is not at all related to this issue. (ECF No. 193.) With respect to the order identified as ECF number 65, the Court finds that the discussion of whether Plaintiff exhausted his administrative remedies was related to prison administrative remedies that Plaintiff was required to exhaust within the prison system. In reviewing the exhibits attached to parties' pleadings on that issue, the Court finds that the prison's third and final appeals documents clearly refer inmates to the Government Claims Board if they sought further appeal on their actions. (ECF Nos. 29 and 30.) Neither parties' briefings nor the court's order addressed the exhaustion or timely filing of these claims under the Tort Claims Act. (ECF Nos. 29, 30, 52, 65.) Plaintiff has made no argument that exhaustion of prison administrative remedies satisfies the requirements of the Tort Claims Act—and the Court has not found any law to support such a contention.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion in limine to dismiss Plaintiff's claims under the Ralph Act, California Civil Code Section 51.7, the Bane Act, California Civil Code 52.1, and California Civil Code Sections 43 and 52.3 is GRANTED. (ECF No. 301.)

IT IS SO ORDERED.

Dated: October 29, 2014

Troy L. Nunley
United States District Judge