UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>C/O KISSINGER; et al,<br><br>            Defendants. | No.  2:04-CV-0878-TLN-DAD<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Charles Davis' ("Plaintiff") Motion for New Trial and Request for Judicial Notice.  (ECF No. 358.)  Defendants filed an opposition to Plaintiff's motion.  (ECF No. 360.)  For the reasons set forth below, Plaintiff's motion is DENIED.

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed a claim related to the instant action pursuant to the California Government Tort Claims Act ("Tort Claims Act"), California Gov. Code § 945.6, and received a rejection of this claim on November 30, 2001.  Plaintiff initially filed an action on these and other claims under *Davis v. Kissinger* on October 4, 2001.  Complaint, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Oct. 4, 2001), ECF No. 1.  Plaintiff amended that complaint on January 22, 2002.  Amended Complaint, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Jan. 22, 2002), ECF No. 16.  Plaintiff's complaint was dismissed without prejudice on March 18, 2003.  Order, *Davis v. Kissinger*, 2:01-cv-1868 (E.D. Cal. Mar. 18, 2003), ECF No. 125.  Plaintiff then filed the instant action as a new complaint on May 3, 2004.  (ECF No. 1.)  Subsequently, this Court dismissed Plaintiff's state law claims, finding that Plaintiff failed to file those claims within the statute of limitations.  (ECF No.

1

344.)  On October 28, 2014, the remaining claims in Plaintiff's complaint proceeded to trial, where the jury returned a unanimous verdict in favor of Defendants.  (ECF No. 351.)  Following the verdict, Plaintiff filed a motion seeking a new trial and a request for judicial notice.  (ECF No. 358.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 59 ("Rule 59") provides that a court may "grant a new trial on all or some of the issues and to any party after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. Pro. 59(a)(1)(A).  "Rule 59 does not specify the grounds on which a motion for a new trial may be granted."  *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003).  "Rather, the court is bound by those grounds that have been historically recognized."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal citations omitted).  Recognized grounds include, but are not limited to, allegations "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).  The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729; (*quoting Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)).  "Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has 'the duty to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence.'" *Molski*, 481 F.3d at 729 (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).  "In considering a motion for a new trial, the court may weigh the evidence and assess the credibility of witnesses, and the court need not view the evidence in the light most favorable to the prevailing party." *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd*., 880 F.2d 176, 190 (9th Cir. 1989).

### III. ANALYSIS

#### A. Admission and Exclusion of Evidence

Plaintiff argues for a new trial on the grounds that the Court improperly included and excluded certain pieces of evidence and witness testimony. "District courts are granted broad discretion in admitting evidence, and their rulings are reviewed only for an abuse of discretion. A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (citing *United States v. Dunn*, 946 F.2d 615, 617 (9th Cir. 1991); *see also United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992) ("A new trial is only warranted on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a party."). The Court finds that its rulings with respect to the disputed evidence were not erroneous. Therefore, Plaintiff's motion for a new trial on the following grounds is denied:

##### 1. Use of Blankets

Plaintiff first states that the Court erred by excluding evidence related to the use of blankets against prisoners, arguing that the evidence "constitutes the necessary link" in proving his case. (ECF No. 358 at 6–7.) The Court addressed this issue when it ruled on Defendants' third motion in limine, which sought to exclude any testimony regarding the use of blankets within Plaintiff's prison cell. (ECF No. 300) The Court granted the motion, finding that Plaintiff failed to provide evidence that the blankets were used on August 23, 2001, the incident at issue in trial. (ECF No. 343.) Plaintiff's instant motion has not provided any additional facts that would change the Court's ruling. While Plaintiff maintains that the use of blankets is "inexplicably intertwined" with the nexus of the case (ECF No. 358 at 7), the Court finds no basis for that conclusion where Plaintiff failed to allege that the blankets were used either on the date at issue or by the Defendants at issue. Therefore, the Court finds that this evidence was properly excluded under Federal Rule of Evidence 401.[1]  On these grounds, Plaintiff's motion for new trial is

---

[1] Plaintiff also asks this Court to take judicial notice of Defendant Ingwerson's "Admissions and Interrogatories," which Plaintiff alleges supports his claim. (ECF No. 358 at 6.) "The Court declines to do so. Discovery matters are not a proper subject for judicial notice." *Gonzalez v. Chudy*, No. C 10-3732 CW PR, 2013 WL 1320754, at *5 (N.D. Cal. Mar. 31, 2013); *see also Redd v. Cambra,* No. C98-20429JFHRL, 2008 WL 3266870, at *2 (N.D. Cal. Aug. 6, 2008) (declining to take judicial notice of interrogatory responses where documents were not provided to the court).

1  denied.

2  Unrelated to his motion for a new trial, Plaintiff also seeks injunctive relief against
3  Defendants, asking this Court to prohibit the use of blankets within High Desert State Prisons
4  ("HDSP"). (ECF No. 358 at 7.) The Court finds Plaintiff has no standing to make this request
5  because he has not provided any facts to indicate that he may return to HDSP in the future.
6  *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (declining to issue a declaratory judgment where
7  there is no reasonable expectation that the wrong will be repeated and the chance of the inmate's
8  return to the particular facility is "remote and speculative").

9      2.  *Filed Complaints*

10  Plaintiff further argues that he is entitled to a new trial based on the Court's exclusion of a
11  group appeal. (ECF No. 358 at 8.) It is not immediately clear from Plaintiff's vague description
12  what document he is referencing. Defendants argue that Plaintiff is alluding to a group appeal
13  filed against Defendant Kissinger on August 21, 2001, and that the document was not included in
14  the Joint Pretrial Statement as an exhibit. (ECF No. 360 at 3.) Because Plaintiff has not offered
15  evidence indicating that the Court entered a ruling on this particular piece of evidence, a motion
16  for new trial cannot be granted on these grounds. *Facundo v. Texas Co.*, 30 F.R.D. 345, 346
17  (E.D. Pa. 1962) (denying a motion for new trial where counsel failed to introduce the document
18  into evidence). However, even if Plaintiff had attempted to introduce this group appeal and the
19  Court ruled against his effort, there is no indication that the exclusion of this document
20  substantially prejudiced Plaintiff. *Ruvalcaba*, 64 F.3d at 1328. Therefore, the Court denies
21  Plaintiff's motion for new trial on these grounds.

22      3.  *Testimony of Lt. Dotson*

23  Plaintiff argues that Correctional Lieutenant Michael Dotson should not have been
24  allowed to testify as a witness during the trial because Dotson was not on the witness list and
25  Plaintiff's counsel was not permitted to adequately prepare for the witness's testimony. (ECF No.
26  358 at 15.) Defendants maintain that advance notice of witness Dotson's testimony was not
27  required where the testimony was offered as impeachment evidence against Plaintiff. (ECF No.
28  360 at 10.) Defendants are correct that impeachment witnesses do not have to be disclosed in

4

pretrial disclosures. *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1172 (9th Cir. 2008). Moreover, "[e]ven if the Court were to accept the proposition that counsel's examination … constituted improper admission of impeachment evidence, 'improper admission of evidence is not grounds for granting a new trial unless it constitutes prejudicial error.'" *Hudson v. Brian*, No. 1:08-CV-00249-AWI, 2012 WL 1019909, at *2 (E.D. Cal. Mar. 26, 2012) (quoting *Morgan v. Woessner*, 997 F.2d 1244, 1261 (9th Cir. 1993)). The Court finds no prejudicial error in the admission of Dotson's impeachment testimony.

*4.     Plaintiff's Litigation History*

Plaintiff asserts that Defendants' reference to his litigation history during trial constituted an error warranting a new trial. (ECF No. 358 at 18.) Plaintiff is not specific about which statements he finds to be objectionable, but Defendants maintain they only introduced evidence of a lawsuit filed by Plaintiff concerning the same wrist injury at issue in the instant trial. (ECF No. 360 at 11.) Defendants argue that the "evidence of prior claims involving several incidents is relevant to the issue of damages." (ECF No. 360 at 11.) The Court is inclined to agree that evidence of litigation related to the claims at issue in this case may be relevant to Federal Rule of Evidence 404 ("Rule 404"). Plaintiff does not put forth sufficient facts to identify the evidence admitted in error or to demonstrate prejudice. Therefore, the Court cannot find either that the evidence was erroneously admitted or that Plaintiff was substantially prejudiced and must deny the motion.

*5.     Plaintiff's Past Convictions*

Plaintiff argues that the Court erred in permitting Defendants to offer evidence of Plaintiff's previous felony convictions. (ECF No. 358 at 21.) The Court addressed the admissibility of Plaintiff's convictions as a motion in limine preceding the trial. (Pl.'s Third Mot. in Limine, ECF No. 306.) The Court held that limited admission of Plaintiff's felony convictions may be permissible under Federal Rule of Evidence 609 ("Rule 609"). In keeping with that ruling, Defendants introduced only the date of the convictions, but did not introduce any details of Plaintiff's offenses. (ECF No. 360 at 13.) Plaintiff agrees that "the only thing the defendants did

5

get right is not to use my felony convictions in abrogation of our circuit's admonishment to restrict impeachment to the date of the felony, the felony conviction, and location of the felony." (ECF No. 358 at 21.)  Therefore, Plaintiff fails to present evidence that his convictions were introduced in violation of Rule 609.  The Court finds that the testimony was not admitted in error and cannot provide grounds for a new trial.

  B.  <u>Admission of Expert Testimony</u>

  Plaintiff argues that the Court erred in allowing the expert testimony of Dr. Swingle and Captain Plainer.  (ECF No. 358 at 9–12.)  Plaintiff further argues that the Court erred in preventing Plaintiff from introducing expert witnesses of his own during trial.  (ECF No. 358 at 9.)  The Court finds that its rulings with respect to expert testimony conformed with the requirements of Federal Rule of Evidence 26(e).  However, even if the Court erred in its decision to admit and exclude certain expert testimony, Plaintiff has failed to show that he was "prejudiced by [the testimony's] inclusion within the meaning of the harmless error doctrine, which would be necessary before [the Court] could grant their new trial motion."  *Dychalo v. Copperloy Corp.*, 78 F.R.D. 146, 148 (E.D. Pa.) *aff'd sub nom. Copperloy Corp. v. Congoleum Indus., Inc.*, 588 F.2d 819 (3d Cir. 1978).

    1.  *Exclusion of Expert Testimony*

  Plaintiff argues that the Court erred by "denying the plaintiff the benefit of any experts." (ECF No. 358 at 9.)  However, this Court already ruled on admissibility of Plaintiff's expert witness when it addressed Defendants' motion in limine prior to the trial.  (ECF No. 298.) Federal Rule of Civil Procedure 26(a)(2)(D)(ii) clearly requires a party to designate a rebuttal witness within 30 days of the opposing party's disclosure.  Plaintiff not only failed to make a timely disclosure, but failed to disclose the identity of the rebuttal witness even in his opposition to Defendants' motion in limine – filed only one week before trial.  (ECF No. 314.)  Because Plaintiff provided no explanation for his delay and never named any expert witness, the Court appropriately precluded the admission of expert witness testimony.

    2.  *Expert Testimony of Dr. Swingle*

  Plaintiff vaguely argues that Dr. Swingle was not a qualified expert witness because she

6

did not know the witness and was never examined by him. (ECF No. 358 at 9.) However, Plaintiff's primary objection to Dr. Swingle's testimony appears to be that Defendants never produced Plaintiff's doctor, who Dr. Swingle supervised, as a witness. (ECF No. 358 at 10.) Neither of these issues presents grounds for a new trial.

First, Plaintiff's claim that Dr. Swingle's testimony was based on "mere speculation, surmise, guesswork, or suspicion" is unsupported by Dr. Swingle's testimony. (ECF No. 358 at 10.) The Court uses its discretion to determine that Dr. Swingle was properly qualified as a medical expert under Federal Rule of Evidence 702 ("Rule 702") by virtue of her education, training, and experience. *Transbay Auto Serv., Inc. v. Chevron U.S.A., Inc*., No. C 09-04932 SI, 2013 WL 496098, at *6 (N.D. Cal. Feb. 7, 2013). Dr. Swingle indicated in her testimony that she was experienced in treating prisoners within the California Department of Corrections and Rehabilitation ("CDCR") and relied on Plaintiff's medical records to reach her medical opinion. Therefore, Dr. Swingle's testimony was properly admitted.

Second, Plaintiff's argument that Defendants' failure to produce Plaintiff's direct treating physician as a witness is unavailing. Defendants' choice of expert witness does not provide grounds for granting a new trial where the witness selected was permissible under Rule 702 and where Plaintiff had the opportunity but failed to call his own expert witness.[2]

### 3. *Expert Testimony of Captain Plainer*

Plaintiff similarly argues that Captain Plainer's testimony was "sheer speculation, surmise, suspicion, guesswork and supposition" but provides no specific support for his assertions. (ECF No. 358 at 11.) However, the Court finds that Captain Plainer was properly qualified as an expert witness regarding security procedures used by the CDCR at various locations, including HDSP, where Captain Plainer was employed. Moreover, although Plaintiff argues that the Court should have appointed an independent expert on this issue, the Court is not required to do so. Instead, Plaintiff had the opportunity to present his own expert witness on the subject, but failed to do so.

---

[2] For this same reason, Plaintiff's argument that the Court should grant a new trial because it did not instruct the jury that Defendants allegedly failed to produce such a witness is meritless. (ECF No. 358 at 11.)

C.  Jury Instructions

Plaintiff makes several arguments that the Court should grant a new trial based on erroneous instructions to the jury. First, Plaintiff asserts that the Court provided an erroneous instruction to the jury regarding oppression, which Plaintiff argues would have made it impossible for the jury to award punitive damages had the jury found in favor of Plaintiff. (ECF No. 358 at 19.) Second, Plaintiff states that the Court provided an erroneous instruction to the jury by using the word "bend" in reference to Plaintiff's wrist, rather than the word "break," as suggested by Plaintiff. (ECF No. 358 at 20.)

The Court "has substantial latitude in tailoring jury instructions." *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000). "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Id.* (internal citations omitted). However, if "the error in the jury instruction is harmless, it does not warrant reversal." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (internal citations omitted).

First, the Court's instruction on oppression conformed to the Ninth Circuit model jury instructions and clearly defined the distinctions between malice, oppression, and recklessness. (Jury Instructions, ECF No. 354 at 25.) In addition, Plaintiff has failed to explain how the jury instruction caused him substantial prejudice such that, even if the instruction was erroneous, it would not simply constitute harmless error. The Court finds that the disputed jury instruction adequately and fairly covered the issues presented, correctly stated the law, and were not misleading.

Second, Plaintiff's contention that the Court issued a jury instruction regarding Defendants' attempt to bend or break Plaintiff's wrist is incorrect. Instead, the Court issued jury instructions regarding "excessive use of force in applying handcuffs" and did not use the terms "bend" or "break" within the jury instructions at all. (ECF No. 354 at 15, 19.) Therefore, Plaintiff's argument with respect to this jury instruction has no legal basis and must be dismissed.

D.  Failure to File an Interlocutory Appeal

Plaintiff makes the argument that it was a prejudicial error for his counsel not to file an

1 emergency interlocutory appeal following the Court's dismissal of Plaintiff's claims for
2 injunctive relief and its denial of Plaintiff's effort to admit testimony of the use of blankets. (ECF
3 No. 358 at 14.) The legal basis of Plaintiff's argument is unclear from his briefing. Nonetheless,
4 the Court finds that no interpretation of this argument allows for a new trial.

5 First, if Plaintiff is intending to argue that his counsel's failure to file such an appeal
6 constitutes ineffective assistance of counsel, such a claim cannot substantiate a request for a new
7 trial. *Buchanan v. Pulliam*, 17 F. App'x 663, 663 (9th Cir. 2001) (holding that "plaintiffs in civil
8 cases generally have no right to effective assistance of counsel" when denying a plaintiff's
9 motion for new trial on his § 1983 claim for use of excessive force by prison officials); *Nicholson*
10 *v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (denying a prisoner's motion for new trial in his §
11 1983 claim against prison officials for use of excessive force and stating, "[t]his rule is based on
12 the presumption that, unless the indigent litigant may lose his physical liberty if he loses the
13 litigation, there is generally no right to counsel in a civil case.").

14 Second, if Plaintiff seeks a new trial because he believes that an interlocutory appeal
15 would have been effective and the result of a reversal of the Court's ruling would be a verdict in
16 Plaintiff's favor, he has undoubtedly failed to provide facts sufficient to support such an assertion.
17 *Thomas v. Swarthout*, No. CIV S-11-0180 KJM, 2012 WL 1806166, at *1 (E.D. Cal. May 17,
18 2012) ("The party seeking certification of an interlocutory appeal has the burden to show the
19 presence of the exceptional circumstances required to prevail."). Because the Court has already
20 found that its exclusion of evidence of the use of blankets was not in error and, even if excluded
21 in error, did not substantially prejudice Plaintiff, it is clear that Plaintiff has not submitted
22 evidence sufficient to demonstrate that a successful interlocutory appeal would have prompted a
23 verdict in his favor. *See* Section III.A.i, *supra*.

24     E.    Statements in Closing Argument

25 Plaintiff argues that he should be granted a new trial because his own attorney mentioned
26 in his closing argument that another appointed attorney withdrew from Plaintiff's case. (ECF No.
27 258 at 13.) Putting aside the fact that the statement was made by Plaintiff's own counsel, the
28 statement itself is insufficient to warrant a new trial. *Kehr v. Smith Barney, Harris Upham & Co.*,

736 F.2d 1283, 1286 (9th Cir. 1984) (denying a new trial on the grounds that an isolated comment occurring only during opening and closing statements could not demonstrate substantial prejudice). Although Plaintiff alleged that his counsel's comment "opened the door by alerting the jury to the fact that there was another lawyer in the case that did not want to be in the case," such a statement is not inherently or automatically prejudicial and Plaintiff provides no argument for why such a statement is prejudicial in this instance. (ECF No. 358 at 13.) The Court finds that this isolated comment cannot provide grounds for a new trial.

F.  Dismissal of State Claims

On October 28, 2014, prior to trial, this Court issued an order dismissing Count VII of Plaintiff's allegations, which was composed of multiple state law claims. (ECF No. 344.) Plaintiff now seeks a new trial on the grounds that the Court erred in dismissing those claims. (ECF No. 358 at 16.) First, Plaintiff argues that the Court should have applied the "relation back doctrine" to permit the state law claims to proceed. (ECF No. 358 at 16.) Second, Plaintiff argues in the alternative that the Court should have applied the doctrine of laches to excuse his untimely filing. (ECF No. 358 at 16.) Plaintiff's application of the law is unavailing and the Court finds that the state law claims were properly dismissed.

The relation back doctrine is codified in Federal Rule of Civil Procedure 15(c), which states that "an amendment to a pleading relates back to the date of the original pleading" under certain circumstances. Here, Plaintiff attempts to apply the relation back doctrine to a previous, entirely separate, though similar, action that was dismissed with prejudice on March 18, 2003. (ECF No. 344 at 2.) Plaintiff then filed the instant action more than a year later. (ECF No. 344 at 2.) The law is clear that the doctrine does not apply to previously filed actions. *United States v. State of Cal.*, 932 F.2d 1346, 1351 (9th Cir. 1991) *aff'd sub nom. United States v. California*, 507 U.S. 746 (1993) ("Although WBEC did file state court actions within 90 days of each adverse decision … those actions were later dismissed without prejudice, the legal effect of such dismissal is as though the actions had never been filed. … Thus, the 90–day periods following each administrative denial effectively ran without suit being filed, precluding a state cause of action for a refund."). For this reason, Plaintiff's state law claims cannot be saved under the relation back

10

doctrine.

Plaintiff further argues that the doctrine of laches would apply to void Defendants' filing of their motion to dismiss. (ECF No. 358 at 17.) Plaintiff's legal argument is misplaced. "Laches is an equitable time limitation on a party's right to bring suit … resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). "A party asserting laches must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit." *Id*. Because Plaintiff was the party to bring suit, he cannot benefit from the doctrine of laches as applied to Defendants' delay in filing their motion to dismiss. *J.J. v. Cnty. of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014) *J.J. v. Cnty. of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014) ("It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel."). Moreover, even if the doctrine of laches could apply to Defendants' actions, Plaintiff has failed to offer any facts indicating that he was prejudiced by the delay.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a new trial and for the Court to take judicial notice is hereby denied.

IT IS SO ORDERED.

Dated: September 28, 2015

Troy L. Nunley
United States District Judge