1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8    CHARLES T. DAVIS,                    No.  2:04-CV-0878-TLN-DAD

9              Plaintiff,                 **ORDER**

10        v.

11   C/O KISSINGER; et al,

12            Defendants.

13

14        This matter is before the Court pursuant to Plaintiff Charles Davis' ("Plaintiff") Motion

15   for Transcripts.  (ECF No. 369.)  A jury trial was conducted in this case on October 28 through

16   November 4, 2014.  (ECF Nos. 345, 347, 348, 349, 350, 351.)  On November 4, 2014, the jury

17   returned a unanimous verdict in favor of the Defendants.  (Verdict, ECF No. 163.)  On November

18   13, 2014, Plaintiff filed a Motion for New Trial.  (ECF No. 358.)  The Court denied that motion

19   on September 29, 2015.  (ECF No. 368.)  On October 21, 2015, Plaintiff filed the instant motion,

20   seeking full and complete trial transcripts with fees waived or assigned to Defendants or, in the

21   alternative, to certify the issue to the Ninth Circuit Court of Appeals for review.  (ECF No. 369.)

22   Although Plaintiff was represented at trial, request for transcripts was filed without

23   representation.

24        A litigant proceeding *in forma pauperis* may move for the production of transcripts at

25   government expense "if the trial judge or a circuit judge certifies that the appeal is not frivolous

26   (but presents a substantial question)."  28 U.S.C. § 753(f).  *See also* 28 U.S.C. § 1915(c) (defining

27   circumstances in which the court can direct the government to pay for transcript requests).  Such a

28   request is granted only if "the appeal presents a substantial issue."  *Henderson v. United States*,

1

1   734 F.2d 483, 484 (9th Cir. 1984).  Here, Plaintiff has not yet filed a notice of appeal, so the

2   Court is unable to determine whether the projected future appeal would present a substantial

3   question.  Although Plaintiff does describe the issues he potentially intends to raise on appeal in

4   the instant motion, Plaintiff's failure to file a notice of appeal within the 30 day time period

5   permitted by Federal Rule of Appellate Procedure 4(a)(1)(A) clearly indicates that Plaintiff's

6   appeal would be time barred which would preclude a court from finding a substantial question

7   had been presented.

8          Plaintiff further requests that should the Court deny his transcript request, that the Court

9   certify each issue raised for appeal to the Ninth Circuit Court of Appeals.  (ECF No. 369 at 1.)

10  However, because the Court's ruling on Plaintiff's motion for new trial is a final judgment under

11  Federal Rule of Civil Procedure 54, the Court is not required to certify these issues for appeal.

12  Plaintiff was free to file his appeal to the Ninth Circuit Court of Appeals within the 30 day time

13  period permitted by Federal Rule of Appellate Procedure 4(a)(1)(A).  His instant motion does not

14  stay the 30 day time period.

15         Therefore, Plaintiff's request is DENIED.  Any further relief must be sought from the

16  United States Court of Appeals for the Ninth Circuit.

17

18         IT IS SO ORDERED.

19  Dated: February 8, 2016

20

21                                                    _____

22                                                    Troy L. Nunley
                                                      United States District Judge
23

24

25

26

27

28

2